IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| vs. | ) ) | CASE NO. 2:06cv3-B |
| AMERICUS C. MITCHELL, JR., an Individual, | ) ) ) ) | |
| *Defendant.* | ) | |

## MEMORANDUM BRIEF AND ARGUMENT
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant **AMERICUS C. MITCHELL, JR.**, the defendant herein, and submits the following in support of its *Motion for Summary Judgment*:

### SUMMARY OF UNDISPUTED FACTS

The plaintiff, the GEORGIA SOUTHWESTERN RAILROAD, INC. (hereinafter "GSR"), is a short-line railroad that operates on the White Oak Spur in Barbour County, Alabama by virtue of a lease agreement with the Norfolk-Southern Railroad. (*Dep. of T. Small, pp. 3, 7-8*) Defendant, AMERICUS C. MITCHELL, JR. (hereinafter "Mitchell"), is a private property owner in Barbour County, Alabama, upon which there is a railroad easement that is part of the White Oak Spur. At the boundary between the Mitchell property and Barbour Creek, at Mile Post 338.9 of the White Oak Spur, rests the railroad trestle made the basis of this suit. (*Mitchell Aff., p. 2*)

After the closing of the Louisiana Pacific plant, which the GSR serviced using the White Oak Spur, there have been fewer maintenance activities conducted on the White Oak Spur, to include the subject trestle, than there were while the Louisiana Pacific Plant was still in operation. (*Mitchell Aff., p. 3*) This lack of maintenance has led to the prolific growth of various vegetative vines, especially Kudzu, from the ground along the support members of and onto the track portion of the trestle itself. (*Mitchell Aff., p. 4*) After the first freeze following the summer months, this vegetative material dies, in itself, creating a fire hazard. (*Mitchell Aff., p. 5*) A great deal of this vegetative material emanating from the railroad right-of-way was allowed to encroach upon Mitchell's property as well. (*Mitchell Aff., p. 6*)

On or about February 12, 2005, Mitchell conducted a controlled burn for the purpose of the maintenance of timberlands on his property. During the course of this controlled burn, and despite the use of several man-made and natural fire breaks, some of the dead vegetative material caught fire resulting in the fire on the trestle made the basis of this suit. (*Mitchell Aff., p. 7*) Mitchell has conducted controlled burns of the same portion of his property for more than 40 years, and never experienced problems of this nature. (*Mitchell Aff., p. 9*)

## PREFATORY STATEMENT

The GSR leases the White Oak Spur from Norfolk Southern Railroad, Inc., and does not hold legal title to the easement that constitutes the White Oak Spur or the trestle made the basis of this suit. Thus, the GSR is not the real party in interest to bring this action as required by Rule 17 (a) of the *Federal Rules of Civil Procedure*, and this action is due to be dismissed.

GSR's maintenance of a fire hazard on its own property in allowing the prolific growth of vegetative vines on and around its railroad trestle was contributory negligence as a matter of law. Furthermore, it was foreseeable by GSR that allowing dead vegetative material to accumulate could result in a fire, whether that fire was man-made or was ignited by lightning or a spark from one of its trains. Conversely, it was wholly unforeseeable by Mitchell that a controlled burn conducted on his property, contained by several man-made and natural fire breaks, would ever cross his property line. Thus, this defendant may not be held liable for a fire resulting from the plaintiff's lack of due care in maintaining the right-of-way, which event was unforeseeable by Mitchell at the time of the controlled burn.

Assuming, *arguendo*, that there is sufficient evidence to submit this case to a jury and liability is affixed upon Mr. Mitchell, the measure of damages claimed by the plaintiff for the replacement cost of the subject trestle, is not supported by Alabama law. It is the law of this state regarding damages to real property that the proper measure of damages is either the diminution in value or the value of the structure or thing destroyed. As a determination regarding measure of damages is a question of law, this defendant asks this Court to enter summary judgment that the plaintiff is limited to damages in the amount of either: 1) the difference in the value of the property before and after the injury, or 2) the value of the trestle at the time that it was damaged by fire.

### SUMMARY JUDGMENT STANDARD

Summary judgment serves to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." FED. R. CIV. P. 56 advisory committee's note, cited in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct.

1348, 89 L.Ed.2d 538 (1986). It is appropriate only when the pleadings, depositions, and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A court must view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir.1997), *cert. denied sub nom. Combs v. Meadowcraft Co.*, 522 U.S. 1045, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998) (citing *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Metro. Multi-List, Inc.*, 934 F.2d 1566, 1583 n. 16 (11th Cir.1991), *cert. denied*, 506 U.S. 903, 113 S.Ct. 295, 121 L.Ed.2d 219 (1992). Such a showing shifts to the non-moving party the burden "to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed R. Civ. P. 56(e)); *Thompson*, 934 F.2d at 1583 n. 16. A non-movant does not create a genuine issue of material fact by relying on "conclusory allegations based on mere subjective beliefs." *Plaisance v. Travelers Ins. Co.*, 880 F.Supp. 798, 804 (N.D.Ga.1994), *aff'd*, 56 F.3d 1391 (11th Cir.1995) (citing *Carter*, 870 F.2d at 585). Further, a "mere scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Flemming v. Corrections Corp. of America*, 143 Fed. Appx. 921, 924 (10th Cir. 2005) (quoting *Anderson*, 477 U.S. at 247-48). The substantive law applicable to the case determines which facts are material. *Harris*, 2005 WL at *1; Flemming*, 143 Fed.Appx. at 924 (both citing *Anderson*, 477 U.S. at 248). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes that are irrelevant or unnecessary will not be counted. *Flemming*, 143 Fed.Appx. at 924 (quoting *Anderson*, 477 U.S. at 248, and citing *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1216 (10th Cir. 2000) ("A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-moving party based on the evidence presented.")).

## ARGUMENT

**I.    THE GSR IS NOT THE REAL PARTY IN INTEREST AND LACKS STANDING TO PROSECUTE THIS ACTION.**

Rule 17(a) of the *Federal Rules of Civil Procedure* states:

> "(a) Real Party In Interest. Every action shall be prosecuted in the name of the real party in interest."

At the depositions of the witnesses tendered as the corporate representatives of the GSR under *FRCP 30(b)(6)* held on August 25, 2006, it was discovered that GSR does not hold legal title to the easement that constitutes the White Oak Spur, and thus, the trestle made the basis of this suit. (*Dep. of Terry Small, pp. 7-8*) The GSR holds a right to operate

on the White Oak Spur by virtue of a lease agreement with the Norfolk-Southern Railroad, Inc. (*Dep. of Terry Small, pp. 7-8*) The Georgia Southwestern Railroad, Inc. is not the real party in interest and was not the proper party to bring this action. Thus, the GSR lacks standing to bring this action, and it is due to be dismissed.

## II. THE FAILURE OF GSR TO PROPERLY MAINTAIN THE RIGHT-OF-WAY AROUND THE SUBJECT TRESTLE BY KEEPING IT CLEAR OF VEGETATION AND OTHER DEBRIS THAT COULD BE FUEL FOR A FIRE WAS CONTRIBUTORY NEGLIGENCE.

The plaintiff's maintenance of a fire hazard on its own property in allowing the prolific growth of vegetative vines on and around the railroad trestle was contributory negligence as a matter of law. Furthermore, it was wholly unforeseeable by Mitchell that a controlled burn conducted on his property, contained by several man-made and natural fire breaks, would ever cross his property line. Thus, this defendant may not be held liable for a fire resulting from the plaintiff's lack of due care in maintaining the right-of-way, which event was unforeseeable by Mitchell at the time of the controlled burn.

The essential inquiry in determining whether a person starting a fire on his premises has been guilty of negligence is whether the person starting the fire used such care, caution, and diligence as a prudent and reasonable person would have exercised under the same or similar circumstances. *Central of Georgia Railway Co. v. Griffin*, 36 Ala.App. 292, 55 So.2d 218, 220 (Ala.Civ.App. 1951). "The mere proof of the damage or destruction of the property by fire does not of itself authorize an inference of negligence." *Robinson v. Cowan*, 158 Ala. 603, 47 So. 1018 (Ala. 1908). "The obligation is on the plaintiff to aver and prove to the requisite degree of satisfaction that the defendant, in the burning, as was his right, debris on his land, with a view to its clearing and cultivation, or in the precautions taken for the

control of the fire so set, was negligent. *Id.*" Furthermore, it is the well settled law of this state that a railroad company is liable for negligence when a fire results from permitting dry and combustible materials to accumulate on the railroad's right-of-way. *Southern Railway Co. v. Johnston*, 22 Ala.App. 629, 118 So. 680, 681.

To sustain a finding of negligence, the damages allegedly suffered must be "a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." *Vines v. Plantation Motor Lodge*, 336 So.2d 1338, 1339 (Ala. 1976).

In the instant case, the negligence of GSR in failing to keep the subject railroad trestle free of vegetation and other debris was a contributing factor in the occurrence of the fire. Thus, it may not recover for damages that were a result of its own contributory negligence.

According to the affidavit of Defendant Americus C. Mitchell, Jr., the maintenance activities conducted on the spur during recent years had declined after the closing of the Louisiana Pacific plant, which GSR serviced using the White Oak Spur. (*Mitchell Aff., p 3*) As a result, vegetation, consisting of mainly Kudzu, had been allowed to accumulate at the base of the subject trestle, grow onto its support members, and climb onto the track portion of the trestle itself (*Mitchell Aff., p. 4*). These vines were allowed to proliferate to such an extent that they encroached upon the Mitchell property (*Mitchell Aff., p. 6*). According to Mr. Mitchell, during the winter, the previous summer's growth left a thick accumulation of dead vegetative material on and around the trestle (*Mitchell Aff., p. 5*). This is what eventually led to the spreading of the fire in this case and provided sufficient fuel to set the subject trestle ablaze (*Mitchell Aff., pp. 7-8*).

From the foregoing recitation of events, it is clear that GSR simply failed to maintain the right-of-way on and around the subject trestle in recent years. Apparently, the issue of whether GSR would maintain the White Oak Spur in the absence of any regularly conducted operations collapsed into the question of whether it would be economical to do so. In any event, irrespective of whether its decision was based on economics, the area around the trestle was not properly maintained and, based on the testimony submitted in the affidavit of Mr. Mitchell, this was a contributing cause of the fire. Furthermore, Terry Small, the President of GSR acknowledged in his deposition that it was not Mitchell's responsibility to maintain the right-of-way on and around the trestle to prevent a fire hazard (*Dep. of T. Small, p. 43*). Thus, this defendant is entitled to summary judgment, as it may not be held liable for any damages sustained as a result to GSR's contributory negligence.

### III. THE PROPER MEASURE OF DAMAGES IN AN ACTION FOR DAMAGE TO REAL PROPERTY IS EITHER DIMINUTION IN VALUE OR THE VALUE OF THE STRUCTURE OR THING DESTROYED, NOT REPLACEMENT COST.

Assuming, *arguendo*, that there is sufficient evidence to submit this case to a jury and liability is affixed upon Mr. Mitchell, the measure of damages claimed by the plaintiff for the replacement cost of the subject trestle, is not supported by Alabama law. It is the law of this state regarding damages to real property that the proper measure of damages is either the diminution in value or the value of the structure or thing destroyed. Thus, this defendant also seeks summary judgment as to the proper measure of damages.

As a general rule, "[T]he measure of damage for injury to real property is the difference in the reasonable market value of the land immediately before its injury and the reasonable market value immediately after the injury." *1 Ala. Pattern Jury Instr. Civ. 11.26,*

*2nd Edition: Real Property - Measure.* There is a great deal of Alabama case law that supports this theory as the proper measure of damages to real property:

> "The proper measure of compensatory damages in a tort action based on damages to real property is the difference between the fair market value of the property immediately before the damage and the fair market value immediately after the damage."

*Imac Energy, Inc. v. Tittle,* 590 So.2d 163, 168 (Ala. 1991).

> "The proper measure of compensatory damages in a tort action based on damages to real property is the difference between the fair market value of the property immediately before the damage and the fair market value immediately after the damage."

*Nelson Bros., Inc. v. Buzby,* 513 So.2d 1015, 1017 (Ala. 1987).

> "The proper measure of damages, in a tort action, for the destruction of a building or buildings is the difference between the fair market value of the property immediately before and after the destruction or damage."

*Dooley v. Ard Oil Co.,* 444 So.2d 847, 848 (Ala. 1984).

> "The measure of damages for injury to property is the difference between the reasonable market value before and after the injury (market value may be defined as the price that a willing seller would sell, and a willing buyer would buy, neither being compelled to sell or buy)."

*Crump v. Geer Bros., Inc.,* 336 So.2d 1091, 1096-97 (Ala. 1976).

Another basis that Alabama courts have used to assess damages to real property, especially involving damages to structures on land, is the value of the structure at the time of the injury. *Southern Railroad Co. v. Slade,* 192 Ala. 568, 68 So.2d 867 (Ala. 1915). See also, *Alabama Great Southern Railroad Co. v. Russell,* 35 Ala.App. 345, 48 So.2d 239 (Ala. 1949):

> "Where buildings are destroyed by fire, the measure of damage is their value at the time of injury, and where the property has no market value, or the market value is inadequate, the measure of damage is its reasonable value for the uses to which the owner was putting it or might have put it. *Id.* Likewise, where damage is caused by fire on land as damage to fences and grass, the damages consist of the value of such items injured or destroyed, and not the value of the land before and after the injury."

"The rule has long been established that the party claiming damages has the burden of establishing the existence of and amount of those damages by competent evidence. The award of damages cannot be made upon speculation and the plaintiff has the burden of offering evidence to show to the required degree and the amount of damages allegedly suffered." *Johnson v. Harris*, 404 So.2d 337, 340 (Ala. 1981). Damages can be awarded only where they are reasonably certain and not based upon speculation. *Industrial Chemical and Fiberglass Corp. v. Chandler*, 547 So.2d 812, 820 (Ala. 1988).

In the instant case, the plaintiff seeks an award of damages in the amount of the full replacement cost of the railroad trestle at issue, which is not supported by Alabama law regarding damages. The proper measure of damages would either be the difference in the value of the property before and after the injury, or the value of the trestle at the time that it was damaged by fire. As a determination regarding measure of damages is a question of law, this defendant asks this Court to enter summary judgment stating that the plaintiff is limited to damages in the amount of either: 1) the difference in the value of the property before and after the injury, or 2) the value of the trestle at the time that it was damaged by fire.

## CONCLUSION

This defendant is entitled to summary judgment on the following grounds:

1. The GSR is not the real party in interest and lacks standing to prosecute this action.

2. The GSR was contributorily negligent and may not recover for damages suffered as a result thereof.

3. The proper measure of damages in an action for damage to real property is either diminution in value or the value of the structure or thing destroyed, not replacement cost.

WHEREFORE, THE PREMISES CONSIDERED, this defendant submits that there are no genuine issues of material fact to be decided herein and that it is entitled to judgment as a matter of law.

Respectfully submitted,

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone: (334) 396-9200
Facsimile: (334) 396-9977
E-mail: dallred@allredpclaw.com
callred@allredpclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 11th day of September, 2006 filed the foregoing *Memorandum Brief and Argument in Support of Motion for Summary Judgment* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>Adrian D. Johnson, Esq.
>PARNELL & CRUM, P.A.
>Post Office Box 2189
>Montgomery, Alabama 36102-2189

_____
OF COUNSEL