IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA SOUTHWESTERN<br>RAILROAD, INC., a Corporation | )<br>)<br>) | |
| Plaintiff, | )<br>) | 2:06-CV-00003-DRB |
| v. | )<br>) | WO |
| AMERICUS C. MITCHELL, JR.,<br>an Individual, | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER ON MOTION

After consideration of Plaintiff's *Motion for Leave to Amend Complaint* (Doc. 10, Sept. 7, 2006) and Defendant's *Response* in opposition (Doc. 12, Sept. 8, 2006), the court concludes that the *Motion* is due to be denied.

I.

For the jury trial scheduled on December 4, 2006, the scheduling order entered on March 31, 2006, set these deadlines of particular relevance to this motion: June 15 for amended pleadings, July 14 and August 1 for the parties' respective disclosures of expert witnesses, September 11 for dispositive motions, and September 29 for completion of discovery. Two business days before the dispositive motion deadline, Plaintiff filed its Rule15(a) motion for leave to amend the Complaint filed January 3, 2006, stating only the following:

> During the discovery phase of the present litigation, Plaintiff has discovered that it has additional claims for loss of use of the railway that were not

originally pled in the initial complaint. Plaintiff's damages for the loss of use of the railway were not encompassed in the damages originally pled in the complaint.

In opposition, Defendant highlights Plaintiff's delay of nearly three months and suggests that Plaintiff's own witness provided the discovery referenced as the basis for the proposed amendment; allowing the amendment, Defendant argues, would require additional discovery and expert witnesses for the supplemental damages now claimed.

## II.

The court is restrained by Rule 15(a) to grant leave to amend complaints "freely. . . when justice so requires." No such showing is made by Plaintiff. While the Motion does not indicate how or when "during the discovery phase" Plaintiff acquired the "loss of use of the railway" facts in controversy, Defendant attributes them to the deposition testimony of Plaintiff's own corporate representative. There is no showing that diligent investigation reasonably should not have uncovered these facts either prior to filing of the Complaint on January 3, 2006, or much sooner in the discovery process which commenced with pre-discovery disclosures on March 31, 2006. In light of deadlines for exchange of expert witnesses and for filing of dispositive motions, the court finds a heightened duty for Plaintiff to investigate and include in this lawsuit any damages likely to trigger expert witnesses to calculate and clarify for the factfinder.

III.

For the reasons stated, it is ORDERED that Plaintiff's *Motion for Leave to Amend Complaint* (Doc. 10) is DENIED.

Done this 12th day of September, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE