IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**GEORGIA SOUTHWESTERN RAILROAD,
INC., a Corporation,**

    **Plaintiff**

v.                                    **CASE NO. 2:06cv3-DRB**

**AMERICUS C. MITCHELL, JR.,
an Individual,**

    **Defendant.**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

**COMES NOW** Plaintiff Georgia Southwestern Railroad, Inc., by and through the undersigned counsel in the above referenced matter, and submits the following response to the motion for summary judgement filed by Defendant American C. Mitchell, Jr. In support thereof, the Plaintiff would submit the following:

### SUMMARY OF UNDISPUTED FACTS

Plaintiff Georgia Southwestern Railroad, Inc., does not dispute many of the facts presented by Defendant Americus C. Mitchell Jr., in his Memorandum Brief in support of his Motion for Summary Judgement. However, the Plaintiff does dispute that there were fewer maintenance activities on the White Oak Spur line in 2004 than while the Louisiana Pacific Plant was in operation, as the Defendant contends. Plaintiff Georgia Southwestern Railroad retained NaturChem to apply two vegetative control sprayings on the White Oak Line in 2004. (*Deposition of T. Small*, pp. 54 - 56). The Plaintiff also retained Utilco, Inc., to perform brush cutting of the right of way on the White Oak Line in 2004. (*Deposition of T. Small*, pp. 53, 56). By undertaking both spraying and

brush cutting of the White Oak Line in 2004, Georgia Southwestern Railroad performed more maintenance on the White Oak Line in 2004 than on its other lines. (*Deposition of T. Small*, p.56).

## STANDARD OF REVIEW

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment should only be granted if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). The moving party bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F. 2d 604, 608 (11th Cir.1991). "Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgement." *Clark v. Coats & Clark, Inc.,* 929 F. 2d 604, 608 (11th Cir.1991). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tifton v. Bergrohr GMBH-Seigen,* 965 F.2d 994, 999 (11th Cir.1992). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.,* 831 F.2d 1013,1016 (11th Cir.1987).

## ARGUMENT

### I. PLAINTIFF GEORGIA SOUTHWESTERN RAILROAD HAS STANDING TO PROSECUTE THIS ACTION

Plaintiff Georgia Southwestern Railroad, Inc., filed the present action against Defendant Americus C. Mitchell, Jr., seeking to recover damages for repairs made to a railroad trestle maintained by the Plaintiff after the trestle was severely damaged in a fire set by the Defendant. The damaged trestle made the basis of the Plaintiff's Complaint is situated on a railroad line known as the White Oak Line. The White Oak Line is presently owned by the Norfolk Southern Railway Company, Inc., which is the successor in interest to the Georgia Railroad Company and the Southwestern Railroad Company. (*Deposition of T. Small*, p. 7). On December 22, 1988, the Georgia Railroad Company and South Western Railroad Company executed a long term lease agreement for the White Oak Line leasing it to the South Carolina Central Railroad Company, Inc. (*Lease Agreement attached hereto as "Exhibit 1"*). South Carolina Central Railroad Company was a subsidiary of Rail-Tex, Inc. In 1994, Rail-Tex, Inc., combined the South Carolina Central Railroad Company with the Georgia & Alabama Railroad to form Georgia Southwestern Railroad, Inc. (*Deposition of T. Small*, pp. 11-12). Plaintiff Georgia Southwestern Railroad, Inc., is the successor in interest to the original Lessee, South Carolina Central Railroad Company, and is therefore bound by the terms of the Lease Agreement.

Under the terms of the Lease and Option to Purchase Agreement, Georgia Southwestern Railroad, Inc., is responsible for all maintenance and repairs to the White Oak Line. Paragraph 5(a) of the lease provides:

> (a) During the term of the Lessee's lease of the White Oak Line, at Lessee's sole cost and expense, Lessee properly will maintain the White Oak Line in a condition equal or superior

to the condition of the White Oak Line on the Commencement Date provided for in Article 20(a) of this Agreement, normal wear and tear excepted; provided, however, that Lessee may relocate switches and industrial tracks from one location on the White Oak Line to another location on the White Oak Line with any necessary and proper regulatory authority after ten (10) days written notice to Lessor. Subject to Lessee's rights under Articles 2(f) and 28(k), any rehabilitation or reconstruction, including but not limited to that necessitated by an Act of God, will be the sole responsibility of the Lessee. Such maintenance will include any function which Lessor, but for this Agreement, would be required to perform pursuant to applicable federal, state, and municipal laws, ordinances, and regulations; and (b) Lessee will pay, satisfy, and discharge all claims or liens for material and labor or either of them used, contracted for, or employed by Lessee during the term of the Lessee's Lease of the White Oak Line in the construction, repair, maintenance, or removal of the White Oak Line and any improvements located thereon, whether said improvements are the property of Lessor or of Lessee, and Lessee will indemnify and save harmless the Lessor from all such claims, liens, or demands whatsoever." ( See "Exhibit 1").

When Plaintiff Georgia Southwestern Railroad, Inc., learned that the trestle on the White Oak Line had been severely damaged during a prescribed burn, the Plaintiff commissioned Lindsey Contractors, Inc., to prepare a repair estimate for the trestle. Pursuant to the provisions of the Lease Agreement, the Plaintiff asked Lindsey Contractors Inc., to proceed with the repairs. (*Deposition of T. Small*, pp. 47-48, and repair estimate attached as "Exhibit 2"). The repairs were recently completed and to date Georgia Southwestern Railroad has received two invoices from Lindsey Contractors, Inc., for the repairs. The Plaintiff has paid two invoices and is awaiting the final invoice from Lindsey Contractors, Inc. (*Invoices from Lindsey Contractors attached hereto as "Exhibit 3"*).

Another provision of the Lease and Option to Purchase Agreement provides the Lessee an option to purchase the White Oak Line. Plaintiff Georgia Southwestern Railroad, Inc., has exercised that option and is in the process of purchasing the White Oak Line from Norfolk Southern Railway Company. (*Deposition of D. Smoot*, p. 6).

The Defendant asserts that Plaintiff Georgia Southwestern Railroad, Inc., is not the real party in interest and lacks standing to prosecute the present action. Rule 17(a) of the *Federal Rules of*

*Civil Procedure* states, "Every Action shall be prosecuted in the name of the real party in interest." The Plaintiff incurred damages as a direct result of the negligent acts of Defendant Americus C. Mitchell, Jr. The Lease Agreement specifies that Lessee Georgia Southwestern Railroad, Inc., is responsible for all repairs and maintenance of the White Oak Line, which includes the damaged trestle. The Plaintiff has undertaken to complete those repairs. Accordingly, Plaintiff Georgia Southwestern Railroad, Inc., is the real party in interest and therefore has standing to bring the present action.

## II. GEORGIA SOUTHWESTERN RAILROAD WAS NOT CONTRIBUTORILY NEGLIGENT IN THE MAINTENANCE OF THE WHITE OAK LINE

The trestle located at mile post 338.9 on the White Oak Line was severely damaged during a prescribed burn conducted by Defendant Americus C. Mitchell, Jr., on his property adjacent to the railroad. Prescribed burning has long been an accepted forestry management practice in Alabama, but because the burns are inherently dangerous, the state requires landowners to employ certain precautionary measures. Section 9-13-273 of the *Code of Alabama 1975* even provides liability protection for landowners who conduct prescribed burns with reasonable care and caution. The relevant portions of §9-13-273 state:

> (a) No property owner or his or her agent, conducting a prescribed burn in compliance with this article, shall be liable for damage or injury caused by fire or resulting smoke unless it is shown that the property owner or his or her agent failed to act within that degree of care required of others similarly situated.
>
> (b) Prescribed burning conducted in compliance with this article shall be considered in the public interest if it meets all the following requirements:
>
> > (1) It is accomplished only when at least one certified prescribed burn manager is supervising the burn or burns that are being conducted.

> (2) A written prescription is prepared and witnessed or notarized prior to prescribed burning.
>
> (3) A burning permit is obtained from the Alabama Forestry Commission.
>
> (4) It is conducted pursuant to the state law and ruled applicable to prescribed burning. § 9-13-273, *Code of Alabama 1975*.

The Defendant failed to meet the requirements of §9-13-273. Mr. Mitchell did not have a prescribed burn manager present during the burn. (*Mitchell Deposition*, p. 25). Nor did Mr. Mitchell obtain a written prescribed burn plan prior to conducting the prescribed burn. (*Mitchell Deposition*, p. 24). Mr. Mitchell even failed to notify Georgia Southwestern Railroad that he would be burning the property adjacent to the railroad. (*Mitchell Deposition*, p. 40).

Alabama law has long held that an individual who conducts a prescribed burn must exercise reasonable care and caution to prevent the fire from spreading. "A person who sets out a fire on his own premises is responsible for injury or damage due to the failure on his part to use prudence, reasonable care, and caution in kindling the fire and in keeping it from spreading to the land of another." *Putnam v. White*, 88 So. 2d 355, 357 (Ala.Civ.App. 1920); *See also Edwards v. Massingill*, 57 So. 400 (Ala.Civ.App. 1912). The Defendant failed to act with reasonable care and caution to prevent the fire from spreading. Mr. Mitchell conducted his prescribed burn in an area that is bisected by the White Oak Line. Mr. Mitchell failed to construct any firebreaks adjacent to the railroad and trestle to prevent the fire from spreading and possibly igniting the trestle. (*Mitchell Deposition*, pp. 18-19). By his own admission, Mr. Mitchell was aware that there was potentially incendiary vegetative material on the trestle and yet he failed to take any measures to prevent the fire from spreading to the trestle. (*Mitchell affidavit, paragraphs 4-6).*

The Defendant now contends that Plaintiff Georgia Southwestern Railroad's failure to properly maintain the right of way contributed to the fire that severely damaged the trestle. The issue of whether a Plaintiff's actions rise to the level of contributory negligence is normally a question of fact to be determined by a jury. *Alabama Farm Bureau Mutual Insurance Service, Inc., v. Jericho Plantation*, 481 So.2d 343, 344 (Ala. 1985), *Alabama Power Company v. Mosley*, 318 So.2d 260, 266 (Ala. 1975). While the issue of contributory negligence is a question of fact for the jury, Plaintiff Georgia Southwestern Railroad contends it was in no way contributorily negligent in the maintenance of the White Oak Line. The Plaintiff made every effort to maintain the line in an operable condition in the event a new business purchased the Louisiana Pacific Plant at the terminus of the White Oak Line. (*Deposition of T. Small*, p. 52). Georgia Southwestern Railroad retained NaturChem to apply two vegetative control sprayings on the White Oak Line in 2004. (*Deposition of T. Small*, pp. 54 - 56). The Plaintiff also retained Utilco, Inc., to perform brush cutting of the right of way on the White Oak Line in 2004. (*Deposition of T. Small*, pp. 53, 56). Both were commissioned in an effort to maintain the line in an operable capacity to ensure that the line would be available to move freight for any potential industry interested in the Louisiana Pacific Plant. Georgia Southwestern's efforts clearly indicate that it was not negligent in the maintenance of the White Oak Line prior to the fire. Furthermore, Mr. Mitchell never notified the Plaintiff that he intended to conduct a prescribed burn adjacent to the line so the Railroad had no opportunity to address any potential problems. Even if Mr. Mitchell had given the Plaintiff notice, Georgia Southwestern would never have given him authorization to use the railroad itself as a firebreak. (*Deposition of T. Small*, pp. 57, 58).

The damages to the White Oak Line trestle were solely caused by the negligent acts of the Defendant. Had the Defendant constructed and maintained proper firebreaks adjacent to the railroad and trestle, the fire would have never reached the trestle. (*Mitchell Deposition*, p. 45). The actions of Plaintiff Georgia Southwestern Railroad, Inc., did not contribute to the fire that damaged the White Oak Line trestle. Accordingly, the Defendant's request for summary judgement on the basis of contributory negligence is due to be denied.

### III. THE APPROPRIATE MEASURE OF DAMAGES IS THE COST OF REPLACEMENT

The Defendant has requested that this Honorable Court make a determination as to the proper measure of damages in the present action. On this point, the parties both agree that clarification is needed. However, the Plaintiff contends that the measure of damages is replacement cost rather than fair market value as the Defendant asserts. The Defendant correctly points out that damages can only be awarded where they are reasonably certain and not based upon speculation. *Industrial Chemical and Fiberglass Corp., v. Chandler*, 547 So.2d 812, 820 (Ala.1988). The problem arises when we try to affix a value to the structure at issue in the present action. A railroad trestle is in and of itself an unmarketable structure for which no fair market value can be easily ascertained. A railroad trestle's worth can only be viewed in the totality of the rail line of which it is a part. This clearly is not a reasonable means of determining the value because the valuation could be based upon hundreds of miles of rail line and the potential uses thereof. A more rational and easily calculable method of determining damages is the replacement cost of the trestle.

The Alabama Supreme Court dealt with this same issue in *Tuscaloosa County v. Jim Thomas Forestry Consultants*. The controversy in that action arose when a truck owned by Jim Thomas

Forestry Consultants (JTFC) attempted to cross a 100 year-old bridge in northern Tuscaloosa County. The truck was too heavy for the bridge and the bridge collapsed under the weight. Tuscaloosa County filed suit against JTFC and obtained a jury verdict against JTFC in the amount of $100,000. Both parties appealed the judgement on various grounds, but the primary arguments of both sides dealt with the proper measure of damages. *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322, 323 (Ala. 1992). The Court posited, "In our view, a consideration of damages for the destruction of an inherently unmarketable structure in the context of market value represents a contradiction in terms." *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322, 324 (Ala. 1992). Seeking to clearly define the damages, the Court relied upon the reasoning that, "purported valuation of an unmarketable structure such as a bridge would be wholly speculative, the very pitfall to be avoided in proof of damages." *Id. at* 326. In reaching its determination, the Court relied upon cases from several states. The Court finally settled upon an interpretation from the Kansas Supreme Court holding that the proper amount of damages was the replacement cost of the structure. *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322, 326 (Ala. 1992). The Alabama Supreme Court held that the replacement cost of the bridge, including both material and labor, was the proper measure of damages. *Id. at* 327.

The rationale of the Alabama Supreme Court in *Tuscaloosa County v. Jim Thomas Forestry Consultants* should be applied in the present action as the railroad trestle at issue is an inherently unmarketable structure and any market value placed upon the bridge would be wholly speculative. Accordingly, Plaintiff Georgia Southwestern Railroad requests that this Honorable Court deny the Defendant's request to assess damages based upon a fair market valuation in favor of applying the

standard set forth by the Alabama Supreme Court in *Tuscaloosa County v. Jim Thomas Forestry Consultants,* determining damages based upon the replacement cost of the structure.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Georgia Southwestern Railroad, Inc., respectfully requests that this Honorable Court deny Defendant Americus C. Mitchell's request for summary judgment based upon the Plaintiff's alleged contributory negligence. Furthermore, the Plaintiff requests that this Honorable Court find that the proper measure of damages in the present action is the replacement cost of the structure at issue.

**RESPECTFULLY SUBMITTED** this the 4th day of October, 2006.

```
                                    _____
                                    ADRIAN D. JOHNSON (JOH172)
                                    Attorney for Plaintiff Georgia
                                    Southwestern Railroad, Inc.
```

OF COUNSEL:
PARNELL & CRUM
641 S. Lawrence Street
P.O. Box 2189
Montgomery, Alabama 36102-2189
(334) 832-4200

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served upon the below listed party by placing a copy of same via facsimile and by United States Mail, postage prepaid and properly addressed this the 4th day of October, 2006:

D. Craig Allred
David E. Allred, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594

_____
OF COUNSEL