IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA SOUTHWESTERN RAILROAD,
INC., a Corporation,

    Plaintiff

v.                                                                          CASE NO. 2:06cv3-B

AMERICUS C. MITCHELL, JR.,                          "DEMAND FOR JURY TRIAL"
an Individual,

    Defendant.

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Georgia Southwestern Railroad, Inc., by and through the undersigned counsel in the above-referenced matter for its complaint against Defendant Americus C. Mitchell, Jr., and in support thereof the Plaintiff submits the following.

### I.

### PARTIES

1.    The Plaintiff, Georgia Southwestern Railroad, Inc., is a corporation incorporated in the State of Delaware with its principal offices located at 4040 Broadway, Suite 200, San Antonio, Texas 78209. Plaintiff Georgia Southwestern Railroad, Inc., was qualified to conduct business in the State of Alabama on April 8, 1996.

2.    Defendant Americus C. Mitchell, Jr., is an individual who is over the age of 19 years and is a resident of Barbour County, Alabama, residing at 1515 Fox Ridge Road, Eufaula, Alabama 36027.

## II.

## VENUE AND JURISDICTION

3. Plaintiff Georgia Southwestern Railroad, Inc., is incorporated in the State of Delaware and has its principal place of business in San Antonio, Texas. Defendant Americus C. Mitchell, Jr., is an individual and a resident of Barbour County, Alabama. Accordingly, pursuant 28 U.S.C.A., Section 1332(a)(1), venue for this action is appropriate in the United States District Court for the Middle District of Alabama, Northern Division, as the parties are incorporated and/or citizens of different states thereby establishing complete diversity.

4. Pursuant to 28 U.S.C.A. Section 1332(a), the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction over the above-referenced action as the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## III.

## FACTS COMMON TO ALL COUNTS

5. On or about February 12, 2005, Defendant Americus C. Mitchell, Jr., was conducting a prescribed burn on timberlands owned by Americus C. Mitchell, Jr., near Eufaula, Alabama. Plaintiff Georgia Southwestern Railroad, Inc., owned and operated a railroad spur line adjacent to the property owned by Defendant Americus C. Mitchell, Jr.

6. On or about February 12, 2005, Defendant Americus C. Mitchell, Jr., was conducting a prescribed burn of a forested area on his property adjacent to the railroad spur lines owned and operated by Plaintiff Georgia Southwestern Railroad, Inc. On or about February 12, 2005, the fire set by Defendant Americus C. Mitchell, Jr., in the area in which he was conducting a prescribed burn, spread from his property onto the railroad right-of-way owned and maintained by Plaintiff

Georgia Southwestern Railroad, Inc., and ultimately, the fire severely damaged a railroad trestle bridge located at Mile Post 338.9 owned and maintained by Plaintiff Georgia Southwestern Railroad, Inc.

7. From 2002 to 2006, Plaintiff Georgia Southwestern Railroad used various portions of the White Oak Line to store railroad cars for other rail carriers. The Defendant's actions in burning and severely damaging the trestle located at Mile Post 338.9 rendered the remaining 10.3 miles of track on the White Oak Line past the trestle unusable. Accordingly, as a direct result of the Defendant's actions, Plaintiff Georgia Southwestern Railroad was deprived of the use of 10.3 miles of track for the purpose of storing rail cars and/or moving freight over that portion of the line.

### COUNT I - NEGLIGENCE

8. Plaintiff Georgia Southwestern Railroad, Inc., adopts and incorporates by reference paragraphs 1-7 above as if fully set forth herein, and further alleges:

9. On or about February 12, 2005, Defendant Americus C. Mitchell, Jr., initiated a prescribed burn upon his forested property adjacent to a railroad spur line owned and operated by Plaintiff Georgia Southwestern Railroad, Inc.

10. In initiating the prescribed burn, Defendant Americus C. Mitchell, Jr., and/or his agents or employees, failed to act with that degree of care required of others under similar circumstances by failing to contain the fire to the prescribed burn area.

11. As a direct and/or proximate result of the negligent acts and/or omissions of Defendant Americus C. Mitchell, Jr., and/or his agents or employees, the fire ignited by Defendant Americus C. Mitchell, Jr., and/or his agents or employees, was allowed to spread to the railroad spur line owned and operated by Plaintiff Georgia Southwestern Railroad, Inc., causing significant

damage to the railroad trestle bridge owned and maintained by said Plaintiff located at Mile Post 338.9.

12. As a direct and/or proximate result of the negligent acts and/or omissions of the Defendant Americus C. Mitchell, Jr., and/or his agents and/or employees, Plaintiff Georgia Southwestern Railroad, Inc., was deprived of the use of 10.3 miles of the White Oak Line that was rendered inaccessible as a result of the damage to the trestle located at Mile Post 338.9.

13. As a direct and/or proximate result of the negligent acts and/or omissions of Defendant Americus C. Mitchell, Jr., and/or his agents and/or employees, Plaintiff Georgia Southwestern Railroad, Inc., was caused to suffer damages in the form of lost revenue due to the inaccessibility of 10.3 miles of the White Oak Line beyond Mile Post 338.9.

**WHEREFORE,** premises considered, Plaintiff Georgia Southwestern Railroad, Inc., demands judgment against Defendant Americus C. Mitchell, Jr., for damages sustained as a result of the loss of use of 10.3 miles of the White Oak Line in an amount to be determined by the trier of fact. Plaintiff Georgia Southwestern Railroad, Inc., demands judgment against Defendant Americus C. Mitchell, Jr., in the sum of $113,166.00, for the replacement costs of the damaged railroad trestle located at Mile Post 338.9, plus costs, or in the alternative, Plaintiff Georgia Southwestern Railroad, Inc., demands judgment against Defendant Americus C. Mitchell, Jr., in an amount to be determined by the trier of fact based upon the fair market value of the damaged trestle and the portions of the White Oak Line rendered inaccessible as a result of the damage to the trestle, plus costs.

### COUNT II - WANTONNESS

14. Plaintiff Georgia Southwestern Railroad, Inc., adopts and incorporates by reference paragraphs 1-13 above as if fully set forth herein, and further alleges:

15. On or about February 12, 2005, Defendant Americus C. Mitchell, Jr., and/or his agents or employees, ignited a fire for the purpose of conducting a prescribed burn upon timberlands owned by Defendant Americus C. Mitchell, Jr., adjacent to a railroad spur line owned and maintained by Plaintiff Georgia Southwestern Railroad, Inc.

16. Defendant Americus C. Mitchell, Jr., and/or his agents or employees, initiated said prescribed burn with full knowledge of the dangers posed to adjacent property owners by igniting a fire upon the Defendant's property.

17. Defendant Americus C. Mitchell, Jr, and/or his agents or employees, owed a duty to the adjacent property owners to ensure that the fire ignited by Defendant Americus C. Mitchell, Jr., and/or his agents or employees, did not spread beyond the prescribed burn area located on Defendant Americus C. Mitchell, Jr.'s property.

18. Acting with reckless indifference to the consequences, Defendant Americus C. Mitchell, Jr., and/or his agents or employees, failed to undertake all the appropriate measures to ensure that the fire ignited on Defendant Americus C. Mitchell, Jr.'s property for the purposes of a prescribed burn, would not spread to the adjacent property, specifically, the railroad spur line owned and maintained by Defendant Georgia Southwestern Railroad, Inc.

19. As a direct and/or proximate result of Defendant Americus C. Mitchell, Jr., and/or his agents or employees' wanton conduct, Plaintiff Georgia Southwestern Railroad, Inc., suffered significant damage to portions of its railroad spur line and trestle located at Mile Post 338.9.

20. As a direct and/or proximate result of the wanton conduct of Defendant Americus C. Mitchell, Jr., and/or his agents and/or employees, Plaintiff Georgia Southwestern Railroad, Inc., was

deprived of the use of 10.3 miles of the White Oak Line rendered inaccessible by the damage to the trestle located at Mile Post 338.9.

21.   As a direct and/or proximate result of the wanton conduct of Defendant Americus C. Mitchell, Jr., and/or his agents and/or employees, Plaintiff Georgia Southwestern Railroad, Inc., was caused to suffer damages in the form of lost revenue due to the inability to access 10.3 miles of the White Oak Line beyond Mile Post 338.9.

**WHEREFORE,** premises considered, Plaintiff Georgia Southwestern Railroad, Inc., demands judgment against Defendant Americus C. Mitchell, Jr. for damages sustained as a result of the loss of use of 10.3 miles of the White Oak Line in an amount to be determined by the trier of fact. Plaintiff Georgia Southwestern Railroad, Inc., demands judgment against Defendant Americus C. Mitchell, Jr., in the sum of $113,166.00, for the replacement costs of the damaged railroad trestle located at Mile Post 338.9, and punitive damages in an amount to be determined by the trier of fact, plus costs.  In the alternative, Plaintiff Georgia Southwestern Railroad, Inc., demands judgment against Defendant Americus C. Mitchell, Jr., in an amount to be determined by the trier of fact based upon the fair market value of the damaged trestle and the portions of the White Oak Line rendered inaccessible as a result of the damage to the trestle, and punitive damages to be determined by the trier of fact, plus costs. Plaintiff Georgia Southwestern Railroad, Inc., demands a trial by struck jury.

**RESPECTFULLY SUBMITTED** this 27th day of October, 2006.

        /s/ Adrian D. Johnson
        ADRIAN D. JOHNSON
        ATTORNEY FOR PLAINTIFF
        ATTORNEY CODE: JOH172

OF COUNSEL:
PARNELL & CRUM, P.A.
P.O. BOX 2189
MONTGOMERY, ALABAMA   36102-2189
334/832-4200