## DAVID E. ALLRED, P.C.

7030 FAIN PARK DRIVE, SUITE 9
MONTGOMERY, ALABAMA 36117
POST OFFICE BOX 241594
MONTGOMERY, ALABAMA 36124-1594
TELEPHONE: (334) 396-9200
FAX: (334) 396-9977

### FACSIMILE

PLEASE DELIVER THE FOLLOWING MATERIAL AS SOON AS POSSIBLE:

| | | | |
|---|---|---|---|
| TO: | ADRIAN D. JOHNSON, ESQ.<br>PARNELL & CRUM, P.A. | *By Facsimile*<br>*Confirmation by E-Mail* | (334) 832-4703 |
| CC: | AJOHNSON@PARNELLCRUM.COM<br>DALLRED@ALLREDPCLAW.COM | | |
| FROM: | CRAIG ALLRED | | |
| DATE: | 11/16/06 | | |
| RE: | Georgia Southwestern Railroad, Inc. v. Americus C. Mitchell, Jr.<br>United States District Court, Middle District, Northern Division<br>Case No. 2:06cv3-B | | |

Dear Adrian:

This is to address the numerous deficiencies regarding what I assume are your responses to our *Supplemental Requests for Production*. There were no formal responses filed, nor do the documents state which request they are responsive to. Most importantly, you failed to produce a copy of the "Purchase and Sale Agreement" that you referenced in the 10/24/06 hearing as directed in Judge Boyd's 10/25/06 Order.

The only documents produced were: 1) A "Summary Appraisal Report, Complete Across the Fence Appraisal," for which I thank you very much, and 2) an e-mail to Mr. John T. Moon from Terry Small, acknowledging that the GSR wishes to exercise its option to purchase the subject rail line and offering to do so for a purchase price of $5,125,000.

As these requests were far more expansive than the documents produced and were well within the parameters of Judge Boyd's instruction regarding limited additional discovery "on the sole issue of the proper measure of damages for the damaged railroad trestle bridge," this is to request that you supplement your responses with regard to the following:

Supplemental Request for Production Number One ask for:

"All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning the negotiations and sale and/or lease of the White Oak Line, by or between the present or any prior owner of the subject rail line and the plaintiff."

EXHIBIT A

Adrian D. Johnson, Esq.
November 16, 2006
Page Two


      I am confident in making an assertion that there exists more than one piece of correspondence or any other document or thing by and between two railroad companies regarding the multi-million dollar sale/purchase of a railroad line. While the documents that you produced were responsive to this request, I received no other documents or correspondence of any kind dated before or after the 2/22/06 e-mail from John Moon. It seems highly unlikely that this was the only correspondence of its kind.

      Supplemental Request for Production Number Two ask for:

"All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning the computation of the purchase price of the subject rail line as provided for in § 14 (a) of the 'Lease and Option to Purchase Agreement.' "

      This requests simply asks for any documentary evidence of the computation of the sales price as set out in the "Lease and Option to Purchase Agreement" that was filed as "Exhibit 1" in your response to Mitchell's Motion for Summary Judgment. Please produce any documents or things related in any way to the methodology set out in § 14(a) regarding the computation of the purchase price. Likewise, you have produced no documents which could serve to reconcile the discrepancy between the appraised "Across the Fence Value" of $2,922,797 stated in Young, Johnston, & Associates June 24, 2004 appraisal and the current purchase price in excess of $5 million, as stated by you at the October 24 hearing. This is quite a large gap that was, most likely, bridged by a great deal of written correspondence and negotiations. This serves to highlight the relevance and probative value of this request. As any documents relevant to the issue at hand would be encompassed by this request, please produce them.

      Supplemental Requests for Production Four and Five ask for:

"All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning any capital improvements made to the subject rail line."

"All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other

Adrian D. Johnson, Esq.
November 16, 2006
Page Three

    documents or things of any kind concerning any 'capital credits' granted the plaintiff pursuant to § 14(b)(i) of the 'Lease and Option to Purchase Agreement.' "

    Again, these requests simply ask for documents and things that would have been generated by virtue of GSR's purchase of the White Oak Line under the terms of the "Lease and Option to Purchase Agreement." Please produce any documents responsive to this request.

    As the deadline for additional limited discovery is drawing near, if I have not received documents correcting the deficiencies noted herein by Tuesday November 21, 2006 at 5:00 p.m., I will have to file a Motion to Compel.

    I hope to hear from you shortly. Feel free to contact me at anytime. In addition to my office number listed above, you may also reach me on my cell phone at 334-322-2401.

    Sincerely,
    /S/CRAIG ALLRED

Via *Savin Lan Fax* from the Desktop PC of:
CRAIG ALLRED, *Associate*
Writer's E-Mail: callred@allredpclaw.com

CONFIDENTIALITY NOTE:
This electronic mail message and any/all attachments hereto may contain confidential and legally privileged information. This electronic mail message and any/all attachments hereto are intended for the use of only the individual or entity named above. If the reader of this electronic mail message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this electronic mail message or any attachments is strictly prohibited. If you have received this electronic mail message in error, please notify us by electronic mail reply and remove the electronic mail message and all attachments from your system. Thank you.

\* \* \* Communication Result Report ( Nov. 16. 2006 3:09PM ) \* \* \*

Fax Header) David E. Allred, P.C.

Date/Time: Nov. 16. 2006  3:08PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 6389 | LAN-Fax Transmission | 9-832-4703 | P. 3 | OK | |

Reason for error
 E. 1) Hang up or line fail          E. 2) Busy
 E. 3) No answer                     E. 4) No facsimile connection
 E. 5) Exceeded max. E-mail size

---

**DAVID E. ALLRED, P.C.**
7030 Fain Park Drive, Suite 9
Montgomery, Alabama 36117
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone: (334) 396-9200
Fax: (334) 396-9977

**FACSIMILE**

PLEASE DELIVER THE FOLLOWING MATERIAL AS SOON AS POSSIBLE:

| | | |
|---|---|---|
| To: | Adrian D. Johnson, Esq. | By Facsimile (334) 832-4703 |
| | Parnell & Crum, P.A. | Confirmation by E-Mail |
| Cc: | AJOHNSON@PARNELLCRUM.COM | |
| | DALLRED@ALLREDPCLAW.COM | |
| From: | Craig Allred | |
| Date: | 11/16/06 | |
| Re: | Georgia Southwestern Railroad, Inc. v. Americus C. Mitchell, Jr. | |
| | United States District Court, Middle District, Northern Division | |
| | Case No. 2:06cv3-B | |

Dear Adrian:

This is to address the numerous deficiencies regarding what I assume are your responses to our *Supplemental Requests for Production*. There were no formal responses filed, nor do the documents state which request they are responsive to. Most importantly, you failed to produce a copy of the "Purchase and Sale Agreement" that you referenced in the 10/24/06 hearing as directed in Judge Boyd's 10/25/06 Order.

The only documents produced were: 1) A "Summary Appraisal Report, Complete Across the Fence Appraisal," for which I thank you very much, and 2) an e-mail to Mr. John T. Moon from Terry Small, acknowledging that the GSR wishes to exercise its option to purchase the subject rail line and offering to do so for a purchase price of $5,125,000.

As these requests were far more expansive than the documents produced and were well within the parameters of Judge Boyd's instruction regarding limited additional discovery "on the sole issue of the proper measure of damages for the damaged railroad trestle bridge," this is to request that you supplement your responses with regard to the following:

Supplemental Request for Production Number One ask for:

"All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning the negotiations and sale and/or lease of the White Oak Line, by or between the present or any prior owner of the subject rail line and the plaintiff."