IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMERICUS C. MITCHELL, JR., an Individual,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:06cv3-B<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO DETERMINE SUFFICIENCY OF DISCOVERY RESPONSES, MOTION FOR PRIVILEGE LOG, AND MOTION FOR ENTRY OF PROTECTIVE ORDER

NOW COMES A.C. MITCHELL, JR., the defendant herein, and moves this Court to: (a) determine the sufficiency of plaintiff's responses to its supplemental discovery requests (attached hereto as "*Exhibit 1*"), (b) Order plaintiff to provide a privilege log, pursuant to *FRCP 26(b)(5)*, and (c) enter a Protective Order. For reason, this defendant states as follows:

1. This defendant's motion for limited supplemental discovery was granted by this Court during a hearing in this cause held on October 25, 2006.

2. Plaintiff was Ordered to respond to this defendant's supplemental requests for production (attached hereto as "*Exhibit 2*") seeking numerous documents and things that this Court determined were within the scope of limited discovery "on the sole issue of the proper measure of damages for the damaged railroad trestle bridge."

3. As evidenced by its objections filed in response, plaintiff now asserts, as to each and every request, a qualified privilege, and contends that such requests are irrelevant.

4. At no time during the October 25th hearing did the plaintiff voice any objection whatsoever consistent with those raised in its responses attached hereto. As such, and as plaintiff had ample opportunity to review the supplemental requests and prepare any motions in opposition or raise any objection in open Court, any such objection was waived when plaintiff failed to assert it at its first opportunity.

5. This Court has already determined that these requests are relevant to the scope of limited additional discovery. Therefore, any objection to the relevancy of these requests is now moot.

6. As plaintiff asserts that all documents and things requested are privileged, defendant moves this Court, pursuant to *FRCP 26(b)(5)*, to Order plaintiff to provide a privilege log. *FRCP 26(b)(5)* states, in pertinent part:

> (5) Claims of Privilege or Protection of Trial Preparation Materials.
>
> "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed, in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

7. Furthermore, consistent with plaintiff's wishes and in a spirit of cooperation, this defendant moves the Court for entry of the attached Proposed Protective Order.

Respectfully submitted,

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977
E-mail:        dallred@allredpclaw.com
                 callred@allredpclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of November, 2006 filed the foregoing *Motion to Determine Sufficiency of Discovery Responses, Motion for Privilege Log, and Motion for Entry of Protective Order* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

>Adrian D. Johnson, Esq.
>PARNELL & CRUM, P.A.
>Post Office Box 2189
>Montgomery, Alabama 36102-2189

_____
OF COUNSEL