IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA SOUTHWESTERN RAILROAD,
INC., a Corporation,

    Plaintiff

v.                                       CASE NO. 2:06cv3-DRB

AMERICUS C. MITCHELL, JR.,
an Individual,

    Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL REQUESTS FOR PRODUCTION

**COMES NOW** Plaintiff Georgia Southwestern Railroad, Inc., by and through the undersigned counsel and submits the following responses to the Supplemental Request for Production propounded by Defendant Americus C. Mitchell, Jr.

1.     All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning the negotiations and sale and/or lease of the White Oak Line, by or between the present or any prior owner of the subject rail line and the Plaintiff.

RESPONSE:    Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 1 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 1 contain proprietary information and



trade secrets essential to the operation of the railroad that bear no relation to the valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Plaintiff Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 1: Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line.

2. All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning the computation of the purchase price of the subject rail line as provided for in § 14(a) of the "Lease and Option to Purchase Agreement."

RESPONSE: Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 2 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 2 contain proprietary information and trade secrets essential to the operation of the railroad that bear no relation to the valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 2: Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line.

3. Any correspondence, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind by and between the present or any prior owner of the subject rail line in any way touching or concerning maintenance of the subject rail line, including any structures thereon.

RESPONSE: Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 3 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 3 contain proprietary information and trade secrets essential to the operation of the railroad that bear no relation to the valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 3: Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad

Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line.

4. All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning any capital improvements made to the subject rail line.

RESPONSE: Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 4 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 4 contain proprietary information and trade secrets essential to the operation of the railroad that bear no relation to the valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff

>Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 4: Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line. Plaintiff Georgia Southwestern Railroad, Inc., has previously produced all the inspection reports and maintenance records in the Plaintiff's possession relating to the subject line. The Federal Railroad Administration requires that federally regulated rail carriers maintain documents for a limited period of time. Georgia Southwestern Railroad, Inc., has produced all said documents related to the maintenance, inspection, and/or improvement of the subject line.

5. All appraisals, pro formas, estimates, valuations, correspondence, sale negotiations, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind concerning any "capital credits" granted the Plaintiff pursuant to § 14(b)(I) of the "Lease and Option to Purchase Agreement."

RESPONSE: 
>Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 5 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 5 contain proprietary information and trade secrets essential to the operation of the railroad that bear no relation to the

valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 5: Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line.

6. Any correspondence, memoranda, letters, e-mails, sales contracts, and other documents or things of any kind by and between the present or any prior owner of the subject rail line evidencing Plaintiff's exercising of its option to purchase the subject rail line as provided for in § 13(a) of the "Lease and Option to Purchase Agreement."

RESPONSE: Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 6 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information

pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 6 contain proprietary information and trade secrets essential to the operation of the railroad that bear no relation to the valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 6:  Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line.

7. Any certified mail receipts showing that Plaintiff gave notice under § 13 (d) of the "Lease and Option to Purchase Agreement" regarding its intent to exercise its option to purchase the subject rail line.

RESPONSE: Georgia Southwestern Railroad, Inc., objects to the information requested in request for production number 7 in that the information requested is irrelevant, overly broad, and not reasonably calculated to lead to discoverable information pertaining to the valuation of the White Oak Line. Furthermore, Plaintiff Georgia Southwestern Railroad, Inc., asserts qualified privilege that the documents requested in request for production number 7 contain proprietary information and trade secrets essential to the operation of the railroad that bear no relation to the valuation of the White Oak Line. Insofar as any requested documents or information contains confidential proprietary information, Georgia Southwestern Railroad, Inc., objects to producing the documents or information without an appropriate protective order of confidentiality. Plaintiff Georgia Southwestern Railroad, Inc., further objects on the grounds that, in requesting the production of confidential material, once Georgia Southwestern Railroad, Inc., establishes that the requested information is a trade secret or proprietary information, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense. Defendants have not made such showing for the requested information. Without waiving the foregoing objections, Plaintiff Georgia Southwestern Railroad, Inc., produces the following information in response to request for production number 7: Purchase and Sale Agreement between Southwestern Railroad Company and Central of Georgia Railroad Company and Plaintiff Georgia Southwestern Railroad, Inc.; Summary Appraisal Report prepared by Young Johnston & Associates, Inc., for Georgia Southwestern Railroad, Inc.; and e-mail from Terry Small to John T. Moon regarding the negotiated price of the White Oak Line.

**RESPECTFULLY SUBMITTED** this 22nd day of November, 2006.

_____
ADRIAN D. JOHNSON
ATTORNEY FOR PLAINTIFF
ATTORNEY CODE: JOH172

OF COUNSEL:
PARNELL & CRUM, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189
(334) 832-4200

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon the below listed party by placing a copy of same via facsimile and by United States Mail, postage prepaid and properly addressed this the 22nd day of November, 2006:

D. Craig Allred
David E. Allred, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594

_____
OF COUNSEL