IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation, | ) ) ) |
| *Plaintiff,* | ) ) |
| vs. | ) CASE NO. 2:06cv3-DRB ) |
| AMERICUS C. MITCHELL, JR., an Individual, | ) ) ) |
| *Defendant.* | ) ) |

**AGREED PROTECTIVE /CONFIDENTIALITY ORDER**

It is, for good cause, **ORDERED** that the parties herein comply with the provisions of this Order set forth below.

1.  Georgia Southwestern Railroad, Inc. ("GSR") has filed this lawsuit (the "Litigation") against Defendant Americus C. Mitchell, Jr. ("Mitchell") alleging that Mitchell is liable to GSR for damages resulting from a fire that occurred on February 12, 2005 in Eufaula, Alabama, which fire was allegedly caused by negligence or other acts or omissions of Mitchell. In connection with the Litigation, Mitchell has sought discovery or testimony regarding certain of GSR's business records, some of which may be privileged or confidential in nature (hereinafter collectively referred to as the "Confidential Information").

2.  As a means of avoiding dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

      3.      All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

      4.      The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

      5.      The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms of this Order. At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

      6.      The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition of trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony to counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

7.     The Parties, their attorneys, their attorney's staff and office personnel, and any experts or consultants retained by them or in their employ, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

8.     Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties or Confidential Information shall not be revealed to any person or entity except: (a) plaintiff and defendant; (b) plaintiff's and defendant's attorneys, attorneys' staff and/or office personnel; (c) experts or consultants retained by plaintiff, plaintiff's attorneys, defendant, and defendant's attorneys in preparation for and/or the trial of this action.  Before any Confidential Information is disclosed to an expert or consultant, the expert or consultant must first be provided with a copy of this Order and sign a statement in the form attached hereto as Exhibit A agreeing to be bound by the terms of this Order.

9.     In the event the Parties intend to file Confidential Information with the Court, they shall seal the Confidential Information in an envelope or another appropriately sealed container or which shall be typed a statement in the following form:

**CONFIDENTIAL**

This envelope [or container] is sealed pursuant to an Order of the Court in accordance with the *Federal Rules of Civil Procedure*.  This envelope [or container] contains Confidential Information filed in this action and is not to be opened and the

contents hereof revealed, except as permitted by the Agreed Protective Order entered in this cause, a subsequent order of the Court, or pursuant to a stipulation of the parties.

10. In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of this Order. The Confidential Information designation shall be maintained pending disposition of such a motion.

11. Nothing herein shall be construed as limited a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

12. All information discovered from examination of said Confidential Documents shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, whatsoever.

13. The production of Confidential Documents and Information shall not constitute a wavier of defendant's rights to claim in this Action or otherwise that said Documents or Information are privileged or are otherwise non-discoverable, nor shall receipt thereof constitute a waiver of plaintiff's right to contend that they are not privileged or discoverable.

Done this 29th day of November, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE