IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA SOUTHWESTERN )
RAILROAD, INC., a Corporation, )
                         )
        *Plaintiff,* )
                         )
vs. )      CASE NO. 2:06cv3-B
                         )
AMERICUS C. MITCHELL, JR., )
an Individual, )
                         )
        *Defendant.* )

## MOTION *IN LIMINE* OF
## DEFENDANT AMERICUS C. MITCHELL, JR.

NOW COMES AMERICUS C. MITCHELL, JR, the defendant in the above-styled case, and respectfully moves the Court for an order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments in the presence of the jury, whether in voir dire, opening statement, during the presentation of evidence, arguments, questions, or closing argument, concerning the subject areas set forth herein.  These subjects are irrelevant to any material issue in the case and, further, any probative value of evidence of said subjects is substantially outweighed by the prejudice to defendant of such evidence.  The injection of any such matter into the trial of this case by any party, attorney, or witness would cause irreparable harm to defendant that could not be cured by any instruction from the Court to the jury. Should any of these matters be brought to the attention of the jury, either directly or indirectly, defendant would be compelled to file a

motion for mistrial. Therefore, Defendant Americus C. Mitchell, Jr. respectfully requests that the Court instruct all attorneys in this case, and order all attorneys to, in turn, instruct all witnesses that they may call at trial, not to mention, argue, or make any statements or reference to the following subjects within the hearing and presence of the jury or the jury panel, either directly or indirectly, without first obtaining the Court's express permission and authority outside the hearing and presence of the jury.

1.    TESTIMONY OR ANY EVIDENCE CONCERNING WANTONNESS.

Any mention that A. C. Mitchell acted wantonly in conducting the controlled burn on his property as plaintiff asserts in *Count II, Paragraphs 14-21* of its *Amended Complaint*. Plaintiff has failed to proffer substantial evidence in this regard. In Alabama, wantonness requires more than a showing of negligence, but requires substantial evidence of a conscious and intentional act:

> "A.    Alabama Law of Negligence and Wantonness
>
> 'Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability.' *Lynn Strickland Sales and Serv., Inc. v. Aero-Lane Fabricators, Inc.,* 510 So.2d 142, 145 (Ala. 1987), *overruled on other grounds, Alfa Mut. Ins. Co. v. Roush,* 723 So.2d 1250, 1256 (Ala. 1998).
>
> *Negligence* refers 'only to that legal delinquency which results whenever a man fails to exhibit the care which he ought to exhibit, whether it be slight, ordinary, or great.' *Lynn Strickland Sales,* 510 So.2d at 146 (quoting *Blacks Law Dictionary* (5th ed. 1979)). In other words, negligence 'is the failure to do

-2-

what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances.' *Ford Motor Co. v. Burdeshaw*, 661 So.2d 236, 238 (Ala. 1995). 'Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care.' *Lynn Strickland*, 510 So.2d at 145.

*Wantonness*, on the other hand, is statutorily defined as 'conduct which is carried on with a reckless or conscious disregard for the rights or safety of others.' 1975 Ala.Code § 6-11-20(b)(3), and has been defined by the Supreme Court of Alabama as 'the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.' *Alfa Mut. Ins. Co.*, 723 So.2d at 1256. The distinction between negligence and wantonness thus lies in the state of mind of the defendant. *Lynn Strickland*, 510 So.2d at 145."

See *Monroe v. Brown*, 307 F.Supp.2d 1261 (U.S.D.C., M.D. Ala. 2004), Thompson, J.

Plaintiff has offered no evidence that Mitchell acted wantonly, willfully and/or recklessly on the date of the fire. There is no evidence that Mitchell "consciously and intentionally" caused fire to damage the subject trestle.

## 2.    TESTIMONY CONCERNING PUNITIVE DAMAGES

There being no evidence of wantonness, plaintiff should be precluded from any mention of or arguing that it is entitled to punitive damages.

"**§ 6-11-20. Punitive damages not to be awarded other than where clear and convincing evidence proven; definitions.**

(a)    Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.

(b)    As used in this article, the following definitions apply:

. . . . .

(2)    MALICE. The intentional doing of a wrongful act without just cause or excuse, either;
a.    With an intent to injure the person or property of another person or entity, or
b.    Under such circumstances that the law will imply an event intent.

(3)    WANTONNESS. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

(4)    CLEAR AND CONVINCING EVIDENCE. Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and high probability as to the correctness of the conclusi0n. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

> (5)    OPPRESSION. Subjecting a person to
> cruel and unjust hardship in conscious disregard
> of that person's rights."

3.    **TESTIMONY CONCERNING LIABILITY INSURANCE.**

All witnesses should be precluded from offering into evidence in this case any testimony concerning the fact that Defendant Americus C. Mitchell, Jr. is or may be indemnified by a policy of insurance.  Pursuant to Rule 411 of the Alabama Rules of Evidence, said evidence is inadmissible.  See *Lowery v. Ward*, 662 So.2d 224 (Ala. 1995).

4.    **TESTIMONY CONCERNING ANY OFFERS OF COMPROMISE OR SETTLEMENT.**

Plaintiffs should be precluded from introducing evidence of any offer of compromise or settlement in this matter.  Alabama law is well settled that an offer of compromise by one party to another in a civil action, whether before or after the litigation has begun, is inadmissible.  See, *e.g., Harris v. M&S Toyota, Inc.*, 575 So.2d 74 (Ala. 1991).

<u>CONCLUSION</u>

In addition to the specific grounds cited here, defendant assigns the following grounds for the granting of its Motion *in Limine*:

-5-

A.      Any relevance deemed to exist by plaintiffs with regard to the above matters is substantially outweighed by the prejudicial effect of the evidence of said matters.  <u>See</u> <u>Fed.R.Evid</u>. 403.

B.      Any offer of proof or reference made by counsel for plaintiffs to any of the foregoing matters, if made in the presence of the jury, will be unduly prejudicial to defendant, and such prejudice can not be overcome by any cautionary or other instructions by the Court to the jury.

C.      Objections by defendant's counsel during the course of the trial to the presentation of evidence or reference to any of the above matters, even if such objections are sustained and accompanied by an instruction to the jury, will not remove such prejudice.  Counsel will have no choice but to make such objections in order to avoid waiver of grounds for appeal.

D.      If a ruling is not made *in limine*, improper or prejudicial remarks or evidence may be presented before the Court has had an opportunity to make a ruling.

E.      Judicial economy will be served by considering the matters before the trial begins so that the time of the jurors is not wasted, numerous side bar conferences are avoided, and all arguments can be presented in a convenient setting.

F.      Any order granting a motion *in limine* may be modified at any time if the Court determines that events during the trial cause the Court to reconsider its ruling.

G.      Granting the motion, in whole or in part, conceivably could have the effect of avoiding a mistrial, which would result in an enormous and unnecessary expense.

-6-

Defendant respectfully reserves the right to amend this Motion *in Limine* to make further objections to any other testimony or exhibits which may be offered by plaintiffs at a later time as trial progresses.

WHEREFORE, THE PREMISES CONSIDERED, Defendant Americus C. Mitchell, Jr. respectfully requests that this Court enter an Order *in limine* directing plaintiffs, plaintiffs' counsel, and all witnesses called by plaintiffs not to mention or refer to, either directly or indirectly, any of the foregoing matters in the presence of the jury. Defendant further requests that the Court will instruct plaintiffs and plaintiffs' counsel that, before any mention or reference to any of the matters set forth above is made, counsel must first make an offer of proof to the Court outside the hearing and presence of the jury.

Respectfully submitted,

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Defendant
AMERICUS C. MITCHELL, JR.

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977
E-mail:        dallred@allredpclaw.com
               callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4th day of April, 2007 filed the foregoing *Motion In Limine* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

        Adrian D. Johnson, Esq.
        PARNELL & CRUM, P.A.
        Post Office Box 2189
        Montgomery, Alabama 36102-2189

                                              _____
                                              OF COUNSEL