IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:06-CV-003-TFM |
| AMERICUS C. MITCHELL, JR., | ) ) ) | |
| Defendant. | ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on April 5, 2007, wherein the following proceedings were held and actions taken:

1.  **PARTIES AND TRIAL COUNSEL:**

    Plaintiff - Georgia Southwestern Railroad Inc., a Corporation is represented by Charles N. Parnell, III and Adrian D. Johnson of Parnell & Crum, P.A. - Post Office Box 2189, Montgomery, AL 36102-2189 (334) 832-4200

    Defendant - Americus C. Mitchell, Jr. is represented by David E. Allred and D. Craig Allred of David E. Allred, P.C. - Post Office Box 241594, Montgomery, AL 36124-1594 (334) 396-9200

    **COUNSEL APPEARING AT PRETRIAL HEARING:**

    Same as trial counsel

2.  **JURISDICTION AND VENUE:** Pursuant to 28 U.S.C.A. § 1332(a)(1), venue for this action is appropriate in the United States District Court for the Middle District of Alabama, Northern Division as the parties are incorporated and/or citizens of different

states thereby establishing complete diversity. Pursuant to U.S.C.A. § 1332(a), the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction over the above-referenced action as the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

3.  **PLEADINGS:**

    (1)  Complaint filed January 3, 2006

    (2)  Answer to Complaint filed January 19, 2006

    (3)  Plaintiff's Motion for Leave to Amend Complaint filed September 7, 2006

    (4)  Defendant's Response in Opposition to Motion for Leave to Amend Complaint filed September 8, 2006

    (5)  Defendant's Motion for Summary Judgment and Brief in Support filed September 11, 2006

    (6)  Defendant's Motion to Amend/Correct Answer filed September 13, 2006

    (7)  Defendant's Amended Answer to Complaint filed September 13, 2006

    (8)  Plaintiff's Response to Defendant's Motion for Summary Judgment filed October 4, 2006

    (9)  Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment filed October 15, 2006

    (10) Plaintiff's Amended Complaint filed October 27, 2006

    (11) Defendant's Answer to Amended Complaint filed November 6, 2006

4.  **CONTENTIONS OF THE PARTIES:**

    **(1)  Plaintiff's Contentions**:

Plaintiff Georgia Southwestern Railroad, Inc. contends that on or about February 12, 2005, Defendant Americus C. Mitchell, Jr. initiated a prescribed burn upon his forested property adjacent to a railroad spur line known as the White Oak Line operated by Plaintiff Georgia Southwestern Railroad, Inc. Plaintiff contends that in initiating the prescribed burn, Defendant Americus C. Mitchell, Jr., and/or his agents or employees, failed to act with that degree of care required by others under similar circumstances by failing to contain the fire in the prescribed burn area in contravention of the *Alabama Prescribed Burn Act* § 9-13-11(c) of the *Code of Alabama* (1975).  Specifically, Georgia Southwestern Railroad, Inc. contends that Defendant Americus C. Mitchell, Jr., and/or his agents or employees, failed to construct and maintain adequate fire breaks as recommended by the Alabama Forestry Commission to prevent the spread of the fire from the prescribed burn area.  As a direct and/or proximate result of the negligent acts and/or omissions of Defendant Americus C. Mitchell, Jr., and/or his agents or employees, the fire ignited by the Defendant was allowed to spread to the railroad spur line owned and operated by Plaintiff Georgia Southwestern Railroad, Inc. causing significant damage to the railroad trestle bridge located at Mile Post 338.9.  The Plaintiff further contends that the negligent acts and/or omissions of the Defendant Americus C. Mitchell, Jr. deprived the Plaintiff of use of 10.3 miles of track in the White Oak Line rendered inaccessible by the damage to the trestle.  The negligent

acts and/or omissions of Defendant Americus C. Mitchell, Jr. caused Plaintiff Georgia Southwestern Railroad, Inc. to suffer damages in the form of lost revenue due to the inaccessibility of 10.3 miles of the White Oak Line and caused Plaintiff Georgia Southwestern Railroad, Inc. to incur damages in the sum of $113,166.00 for the cost of repairs to the damaged railroad trestle. Plaintiff Georgia Southwestern Railroad, Inc. contends that Defendant Americus C. Mitchell, Jr. initiated said prescribed burn with full knowledge of the dangers posed to adjacent property owners and that Defendant Americus C. Mitchell, Jr. owed a duty to adjacent property owners to insure that the fire did not spread beyond the prescribed burn area located on the Defendant's property. Plaintiff Georgia Southwestern Railroad, Inc. contends that Defendant Americus C. Mitchell, Jr. acted with reckless indifference to the consequences of his actions and failed to undertake all of the appropriate measures to insure that the fire ignited on his property for the purposes of the prescribed burn would not spread to the adjacent property specifically the White Oak Line owned and operated by the Plaintiff Georgia Southwestern Railroad, Inc. As a direct and/or proximate result of the wanton conduct of Defendant Americus C. Mitchell, Jr., Plaintiff Georgia Southwestern Railroad, Inc. contends it was caused to suffer actual damages in the sum of $113,166.00 for the cost of repairs to the damaged railroad trestle and was caused to suffer damages in the form of lost revenue due to the inability to access 10.3 miles

of the White Oak Line beyond the damaged trestle. Accordingly, Plaintiff Georgia Southwestern Railroad, Inc. requests compensatory and punitive damages in an amount to be determined by the trier of fact. Lastly, Plaintiff Georgia Southwestern Railroad, Inc. contends that it maintained the White Oak Line in a operable capacity at all times prior to February 12, 2005 and that Plaintiff Georgia Southwestern Railroad, Inc. undertook all appropriate measures to control the growth of vegetation along the railroad right-of-way.

**(2)** **<u>Defendant's Contentions</u>:**

Americus C. Mitchell, Jr., the defendant herein, denies that the damage to the subject railroad trestle was caused by any act, error or omission on his part. Mr. Mitchell contends that the fire that caused damage to the railroad trestle at issue in this case occurred as a result of the plaintiff's own contributory negligence in failing to keep the right-of-way free of debris and overgrown vegetation. Defendant Mitchell further contends that the direct cause of the fire at issue was the contributory negligence, failure to properly maintain the trestle and want of care of the plaintiff and was not due to any act, error or omission on the part of A. C. Mitchell. It is also Mitchell's contention that the plaintiff assumed the risk that such a fire would occur when it failed to keep the right-of-way properly maintained. Defendant Mitchell further contends that, had the plaintiff properly maintained the right of way, the damage to its railroad trestle would not have occurred. Defendant Mitchell also contends that plaintiff's

    argument for recovery seeks damages in excess of the true value of the bridge at the time of the fire and further argues that plaintiff has failed to mitigate its damages. Regarding damages for loss of use, it is Defendant Mitchell's contention that plaintiff's proof of damages is sheer speculation. Defendant Mitchell further contends that there is insufficient evidence of wantonness and, therefore, no basis for punitive damages.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

  (1) That the fire at issue in this case occurred on February 12, 2005.

6. The jury selection and trial of this cause, which is to last three and a half (3 1/2) days, are set for **June 4, 2007** at **10:00 a.m.** at the United States Courthouse in Montgomery, Alabama;

7. A trial docket will be mailed to counsel for each party approximately **two (2) weeks** prior to the start of the trial term. The parties shall files any requested voir dire questions, motions in limine, fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before two weeks prior to jury selection, unless said time is shorted by the court on motion of either party.

8. Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set

of the exhibits;

9. Trial briefs are required to be filed by **May 21, 2007**. Briefs shall include information on the legal standard for contributory negligence, the measure damages, and any other issue counsel deems appropriate.

10. All deadlines not otherwise affected by this order will remain as set forth in the Second Amended Scheduling Order (Doc. 38) entered by the court on November 29, 2006;

11. All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE this 5th day of April, 2007.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE