**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGIA SOUTHWESTERN** | ) | |
| **RAILROAD, INC., a Corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:06-CV-003-TFM** |
| | ) | |
| **AMERICUS C. MITCHELL, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**TRIAL BRIEF OF PLAINTIFF**
**GEORGIA SOUTHWESTERN RAILROAD INC.**

COMES NOW Plaintiff Georgia Southwestern Railroad, Inc., by and through the undersigned counsel in the above referenced matter, and submits the following memorandum of law concerning issues that may be addressed by the parties at the trial of this action.

### 1. Alabama Prescribed Burn Act

Plaintiff Georgia Southwestern Railroad, Inc. seeks an award for damages from Defendant Americus C. Mitchell Jr. for damage to a railroad trestle caused by a fire set by the Defendant on his adjacent property while conducting what is commonly referred to as a prescribed burn. Prescribed Burning is defined by the *Alabama Code* as, "The Controlled application of fire to naturally occurring vegetative fuels for ecological, silvicultural, agricultural, and wildlife management purposes under specified environmental conditions and the following of appropriate precautionary measures which cause the fire to be confined to a predetermined are and accomplishes the planned land management objectives." § 9-13-272 (2) *Ala. Code 1975*. The practice of prescribed burning in the state of Alabama is governed by the provisions of §§ 9-13-270 *et. seq.* of the *Ala. Code 1975*. Plaintiff Georgia Southwestern Railroad, Inc. requests that this Honorable Court take judicial notice

of the relevant provisions of the Alabama Prescribed Burning Act and regulations of the Alabama

Forestry Commission relating to the duty of a landowner to take precautionary measures to ensure

that the burn is confined to a predetermined area.

*Ala. Code* 1975 § 9-13-273

(a)    No property owner or his or her agent, conducting a prescribed burn in compliance with this article, shall be liable for damage or injury caused by fire or resulting smoke unless it is shown that the property owner or his or her agent failed to act within that degree of care required of others similarly situated.

(b)    Prescribed burning conducted in compliance with this article shall be considered in the public interest if it meets all of the following requirements:

(1) It is accomplished only when at least one certified prescribed burn manager is supervising the burn or burns that are being conducted.

(2) A written prescription is prepared and witnessed or notarized prior to prescribed burning.

(3) A burning permit is obtained from the Alabama Forestry Commission.

(4) It is conducted pursuant to state law and rules applicable to prescribed burning.

(c)    The Alabama Forestry Commission may promulgate rules for the certification of prescribed burn managers and guidelines for a prescribed burn prescription.

(d)    The Alabama Forestry Commission may charge and collect fees and other payments from persons applying for certification or training as a prescribed burn manager as may be necessary to provide training required for certification as a prescribed burn manager and to carry out other administrative aspects of this article; however the expenditure of any fees charged by the Forestry Commission under this subsection shall be budgeted and allotted pursuant to the Budget Management Act and Article 4 of Chapter 4 of Title 41.

Burn Permits as referenced in §9-13-273 (b)(3) *Ala. Code* 1975 are further addressed in § 9-13-11(c)

*Ala. Code* 1975, the relevant provisions of which state:

(c)(1)    Burning permits may be obtained from the district operations center when the center is in active operation. The following criteria must be met:

a. The person requesting the permit must have adequate tools, equipment, and manpower to stay with and control the fire during the entire burning period.

2

b. The person requesting the permit is responsible to keep the fire confined.

c. In no case will the person requesting the permit allow the fire to be unattended until it is dead out.

(2)     Burning permits will be issued if the individual requesting the permit states that the above criteria will be met unless the State Forester shall declare a fire alert. Under fire alert conditions the State Forester may allow issuance of permits at his or her discretion, taking into account the number of fires burning in the district, current and projected weather conditions, the ability of the person seeking the permit to contain the fire and that individual's knowledge of fire behavior, and other factors which may affect fires and fire behavior. A fire alert will be issued by the State Forester for any district or portion of a district that in the opinion of the State Forester, has existing conditions which produce extraordinary danger from fire or smoke.

(3)     If subsequent to issuance of a permit a lawfully authorized fire escapes to the lands of another and an investigation reveals that the permit holder did not meet all the criteria as set forth above, the fire will be treated as if no legal authorization had been obtained.

(4)     A burning permit once issued may be revoked if the person requesting the permit fails to comply with proper burning procedures or if weather conditions develop which may result in erratic fire or smoke behavior.

Lastly, Plaintiff Georgia Southwestern Railroad, Inc. wishes the Court to take notice of the

prescribed burning notice provisions as set forth in § 9-13-13 *Ala. Code* 1975, which provides:

Any person or corporation who shall set fire to or procure another to set fire to any woods, logs, brush, weeds, grass or clearing upon his or its own land without giving adjacent landowners five days' written notice of such intention to do so, unless he or it shall have taken all possible care and precaution against the spread of such fire, shall be guilty of a misdemeanor.

## 2.     Measure of Damages

Plaintiff Georgia Southwestern Railroad, Inc. is seeking damages from Defendant Americus

C. Mitchell Jr. for damage to a railroad trestle. The trestle located at mile post 338.9 on the White

Oak Line was severely damaged during a prescribed burn conducted by Defendant Americus C.

Mitchell, Jr. on his property adjacent to the railroad. Plaintiff Georgia Southwestern Railroad, Inc.

seeks damages for the cost of repairing the trestle and damages for the loss of use and/or lost profits for the period during which the spur line was inaccessible due to the damaged trestle. The Plaintiff submits that the proper measure of damages for the cost is repairing the trestle is replacement cost. The Alabama Supreme Court dealt with this same issue in *Tuscaloosa County v. Jim Thomas Forestry Consultants.* The controversy in that action arose when a truck owned by Jim Thomas Forestry Consultants (JTFC) attempted to cross a 100 year old bridge in northern Tuscaloosa County. The truck was too heavy for the bridge and the bridge collapsed under the weight. Tuscaloosa County filed suit against JTFC and obtained a jury verdict against JFTC in the amount of $100,000. Both parties appealed the judgement on various grounds, but the primary arguments of both sides dealt with the proper measure of damages. *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322, 323 (Ala. 1992). The Court posited, "In our view, a consideration of damages for the destruction of an inherently unmarketable structure in the context of market value represents a contradiction in terms." *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322, 324 (Ala. 1992). Seeking to clearly define the damages, the Court relied upon the reasoning that, "purported valuation of an unmarketable structure such as a bridge would be wholly speculative, the very pitfall to be avoided in proof of damages." *Id. at* 326. In reaching its determination, the Court relied upon cases from several states. The Court finally settled upon an interpretation from the Kansas Supreme Court holding that the proper amount of damages was the replacement cost of the structure. *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322, 326 (Ala. 1992). The Alabama Supreme Court held that the replacement cost of the bridge including both material and labor was the proper measure of damages. *Id. at* 327.

The rationale of the Alabama Supreme Court in *Tuscaloosa County v. Jim Thomas Forestry*

4

*Consultants* should be applied in the present action as the railroad trestle at issue is an inherently unmarketable structure and any market value placed upon the bridge would be wholly speculative. Accordingly, Plaintiff Georgia Southwestern Railroad requests that this Honorable Court instruct the jury in this action that the proper measure of damages for the repair of the trestle is the replacement cost of the structure based upon the holding of the Alabama Supreme Court in *Tuscaloosa County v. Jim Thomas Forestry Consultants*, 613 So.2d 322 (Ala. 1992).

In addition to the replacement cost of the trestle, Plaintiff Georgia Southwestern Railroad is seeking damages for the loss of use and/or lost profits for the period during which the trestle was damaged and the spur line was inaccessible. The United States District Court for the Middle District of Alabama has addressed the proper measure of damages for lost profits in *K.W. Plastics v. United States Can Co.,* wherein the court stated, "Under Alabama law, a plaintiff seeking damages must provide sufficient evidence for the jury to estimate lost profits with reasonable certainty. . . . Under the 'reasonable certainty' requirement, 'the loss of profits must be capable of ascertainment with reasonable, or sufficient, certainty, or there must be some basis on which a reasonable estimate of the amount of profit can be made." *K.W. Plastics v. United States Can Co.*, 131 F.Supp.2d 1265, 1268 (M.D.Ala. 2001).

### 3.    Contributory Negligence

Defendant Americus C. Mitchell, Jr. has pled as an affirmative defense the contributory negligence of Georgia Southwestern Railroad, Inc. The Defendant contends that the Railroad was negligent in the maintenance of is track and trestle and specifically that it negligently allowed kudzu or other vegetation to grow on the trestle thereby contributing to the fire that damaged the trestle.

The Plaintiff anticipates that the Defendant will attempt to introduce evidence regarding contributory negligence and will request a jury charge on the issue of contributory negligence. Plaintiff Georgia Southwestern Railroad submits that there is an insufficient legal basis for the introduction of evidence concerning contributory negligence or a contributory negligence charge in this action. The Alabama Supreme Court has held that, "whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide under proper instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence." *Alabama Power Company v. Mosley*, 318 So.2d 260, 266 (Ala. 1975). Plaintiff Georgia Southwestern Railroad, Inc. submits that the Defendant will be unable to establish that the Plaintiff failed to exercise due care, as the Plaintiff owed no such duty to the Defendant. A landowner is under no duty to anticipate than an adjoining landowner will negligently set a fire and negligently fail to take precautions to prevent the fire from spreading to adjoining lands pursuant to the holding of the Alabama Supreme Court in *Conecuh Naval Stores Co., v. Castillow*. In that action, an employee of the defendant conducted a burn on the defendant's property and at some point, the fire spread to the adjacent property where a large stack of boards was consumed by the fire. The plaintiff filed suit seeking compensation for the damaged boards. The defendant asserted that the plaintiff was precluded from recovery because of the plaintiff's contributory negligence in stacking the boards in such a manner as to allow them to catch fire. *Conecuh Naval Stores Co., v. Castillow,* 96 So. 142, 143 (Ala. 1923). The Alabama Supreme Court held that the defendant's plea of contributory negligence was demurrable because, "an adjoining proprietor of lands owes no duty to anticipate that another will negligently set out fire or will negligently omit to guard against a fire's communication to adjacent or adjoining lands." *Id.*

6

*at* 143. Under the same theory, Georgia Southwestern Railroad, Inc. owed no duty to Americus C. Mitchell, Jr. to anticipate that Mr. Mitchell would negligently allow a fire he set on his land to spread to the railroad. Because it was under no such duty, Plaintiff Georgia Southwestern Railroad had no obligation to exercise due care to ensure that the trestle was free of vegetation. As the Plaintiff was under no such duty, any evidence introduced by the Defendant concerning the presence of kudzu on the trestle or the condition of the trestle is not relevant to a determination by the trier of fact as to whether Defendant Americus C. Mitchell Jr. was negligent in allowing the fire he set to spread to the Plaintiff's trestle. In the absence of any duty to exercise due care on the part of Plaintiff Georgia Southwestern Railroad, the Plaintiff submits that the issue of contributory negligence becomes a question of law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Georgia Southwestern Railroad submits the foregoing memorandum of law for the consideration of the Court.

Respectfully Submitted this the 21st day of May, 2007.

_____/s/ Adrian D. Johnson_____
ADRIAN D. JOHNSON (JOH172)
Counsel for Plaintiff Georgia
Southwestern Railroad, Inc.

OF COUNSEL
PARNELL & CRUM, P.A.
P.O. BOX 2189
MONTGOMERY, ALABAMA 36102-2189
334-832-4200
334-293-3550 (facsimile)

7

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following attorneys of record on this the 21st day of May, 2007.

                                           _____/s/ Adrian D. Johnson_____

                                           OF COUNSEL

David E. Allred

D. Craig Allred

David E. Allred, P.C.

7030 Fain Park Drive, Suite 9

P.O. Box 241594

Montgomery, AL 36117-1594