IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation, ) ) ) | |
| Plaintiff, ) | 2:06-CV-003-TFM |
| ) | |
| AMERICUS C. MITCHELL, JR., ) ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW Plaintiff Georgia Southwestern Railroad, Inc., by and through the undersigned counsel, in the above referenced matter, and submits the following motion in limine and respectfully requests this Honorable Court enter an Order excluding any argument, testimony or evidence regarding the matters set forth herein during all portions of the trial of this case.

### 1. Condition of the Trestle Prior to the Fire

Plaintiff Georgia Southwestern Railroad anticipates that the Defendant will attempt to offer evidence that the railroad trestle damaged during the fire on February 12, 2005, was in a state of disrepair, was inadequately maintained and was otherwise incapable of supporting freight immediately prior to the fire. Plaintiff submits that such evidence is irrelevant under *Fed. R. Evid.* 401 and 402, and that Defendant Americus C. Mitchell Jr., and any witness proffered by the Defendant, should be precluded from offering such testimony pursuant to *Fed. R. Evid.* 701. Rule 701 of the *Federal Rules of Evidence* concerning opinion testimony by a lay witness provides, "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact

in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Defendant has not designated an expert witness to testify on his behalf in this action, as such, any opinion testimony proffered by the Defendant or his witnesses as to the condition of the trestle prior to the fire would be governed by the provisions of *Fed. R. Evid.* 701. Any lay testimony offered by the Defendant concerning the condition of the trestle prior to the fire and the operable capacity of the trestle must be based upon particularized knowledge of railroad maintenance garnered from years of experience within the railroad industry. *Tampa Bay Shipbuilding & Repair Co., v. Cedar Shipping Co., LTD.*, 320 F.3d 1213, 1223 (11th Cir. 2003). The maintenance of railroad tracks and trestles is governed by the Federal Railroad Administration through its Code of Federal Regulations addressing Track Safety and Standards. Neither Americus C. Mitchell Jr. nor any witness proffered by the Defendant has exhibited any knowledge of the Federal Railroad Administration's Code of Federal Regulations regarding track maintenance, nor do they have any experience in the railroad industry. As such, the Defendant lacks sufficient basis to adequately address the condition of the trestle prior to the fire as testimony regarding maintenance of the track and trestle would be based upon specialized technical knowledge.

Any testimony proffered by the Defendant regarding the condition of the trestle prior to the fire is irrelevant pursuant to *Fed. R. Evid.* 401. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." *Fed. R. Evid.* 401. There is no dispute that Defendant Americus C. Mitchell Jr. started the fire that damaged the trestle. The fire spread to the trestle from a prescribed burn Mr. Mitchell was conducting on his property adjacent to Georgia Southwestern Railroad's track. The condition of the trestle on or before

February 12, 2005, has no bearing on the Defendant's negligence in setting the fire and failing to take adequate measures to contain the burn. Plaintiff Georgia Southwestern Railroad was under to duty to anticipate that an adjoining landowner would negligently set out a fire on his own land and allow that fire to be communicated to the Plaintiff's track and trestle. *Conecuh Naval Stores Co., v. Castillow,* 96 So. 142, 143 (Ala. 1923). Because the Plaintiff owes no duty to the adjoining landowners to ensure that fixtures upon the Plaintiff's property are not flammable, the condition of the track prior to the fire is irrelevant pursuant to *Fed. R. Evid.* 401. Accordingly, Plaintiff Georgia Southwestern Railroad respectfully requests that this Honorable Court enter an Order in Limine precluding the Defendant from offering any argument, evidence or testimony regarding the condition of the trestle or the operable capacity of the trestle prior to the fire that occurred on February 12, 2005.

## 2. Evidence of Contributory Negligence

Plaintiff Georgia Southwestern Railroad, Inc., anticipates that Defendant Americus C. Mitchell Jr. will attempt to introduce evidence that the Plaintiff's maintenance of the track and trestle contributed to the fire that damaged the trestle on February 12, 2005. Georgia Southwestern Railroad, Inc., submits that said evidence is irrelevant pursuant to *Fed. R. Evid.* 401. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." *Fed. R. Evid.* 401. Plaintiff Georgia Southwestern Railroad, Inc., further submits that there is an insufficient legal basis for the introduction of any evidence concerning contributory negligence. The Alabama Supreme Court has held that, "whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide under proper

instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence." *Alabama Power Company v. Mosley*, 318 So.2d 260, 266 (Ala. 1975). Plaintiff Georgia Southwestern Railroad, Inc., submits that the Defendant will be unable to establish that the plaintiff failed to exercise due care, as the Plaintiff owed no such duty to the Defendant. The Defendant has asserted throughout this litigation that the presence of kudzu vines on the trestle proximately contributed to the fire that damaged the trestle. The Alabama Supreme Court addressed a factually similar case in *Conecuh Naval Stores Co. v. Castillow*. In that action, an employee of the Defendant conducted a burn on the Defendant's property and at some point the fire spread to the adjacent property where a large stack of boards was consumed by the fire. The Plaintiff filed suit seeking compensation for the damaged boards. The Defendant asserted that the Plaintiff was precluded from recovery because of the Plaintiff's contributory negligence in stacking the boards in such a manner as to allow them to catch fire. *Conecuh Naval Stores Co. v. Castillow*, 96 So. 142, 143 (Ala. 1923). The Alabama Supreme Court held that the Defendant's plea of contributory negligence was demurrable because, "an adjoining proprietor of lands owes no duty to anticipate that another will negligently set out fire or will negligently omit to guard against a fire's communication to adjacent or adjoining lands." *Id. at* 143. Under the same theory, Georgia Southwestern Railroad, Inc., owed no duty to Americus C. Mitchell, Jr. to anticipate that Mr. Mitchell would negligently allow a fire he set on his land to spread to the railroad. Because it was under no such duty, Plaintiff Georgia Southwestern Railroad had no obligation to exercise reasonable care to ensure that the trestle was free of vegetation. As the Plaintiff was under no such duty, any evidence introduced by the Defendant concerning the presence of kudzu on the trestle or the condition of the trestle is not

relevant to a determination by the trier of fact as to whether Defendant Americus C. Mitchell Jr. was negligent in allowing the fire he set to spread to the Plaintiff's trestle. Furthermore, in the absence of any duty to exercise due care on the part of Plaintiff Georgia Southwestern Railroad, the Plaintiff submits that the issue of contributory negligence becomes a question of law on which the Court can make a determination regarding the admissibility of any evidence of contributory negligence. Accordingly, Plaintiff Georgia Southwestern Railroad respectfully requests that this Honorable Court enter an Order in Limine precluding the Defendant from offering any argument, evidence, testimony or jury charges regarding contributory negligence on the part of the Plaintiff, specifically any evidence concerning the presence of kudzu or other vegetation on or near the trestle or the condition of the trestle on or before February 12, 2005, or thereafter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Georgia Southwestern Railroad, Inc., respectfully requests that this Honorable Court enter an Order excluding argument, testimony or evidence concerning the aforementioned topics during the trial of this case.

Respectfully Submitted this the 21st day of May, 2007.

                                                /s/ Adrian D. Johnson
                                                ADRIAN D. JOHNSON (JOH172)
                                                Counsel for Plaintiff Georgia Southwestern
                                                Railroad, Inc.

OF COUNSEL
PARNELL & CRUM, P.A.
P.O. BOX 2189
MONTGOMERY, ALABAMA 36102-2189
334-832-4200
334-293-3550 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following attorneys of record on this the 21st day of May, 2007.

                                            /s/ Adrian D. Johnson
                                            OF COUNSEL

David E. Allred
D. Craig Allred
David E. Allred, P.C.
7030 Fain Park Drive, Suite 9
P.O. Box 241594
Montgomery, AL 36117-1594