IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:06-CV-00003-DRB |
| AMERICUS C. MITCHELL, JR., | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF GEORGIA SOUTHWESTERN RAILROAD, INC.'S REQUESTED JURY CHARGES

COMES NOW the Plaintiff, Georgia Southwestern Railroad, Inc, by and through undersigned counsel, and requests that the following written charges be read to the jury at the conclusion of the trial of this cause.

RESPECTFULLY SUBMITTED this the _____ day of May, 2007.

                                                    /s/ Adrian D. Johnson
                                                   ADRIAN D. JOHNSON (JOH172)
                                                   Counsel for Plaintiff Georgia Southwestern
                                                   Railroad, Inc.

OF COUNSEL
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189
(334) 832-4200
(334) 293-3550 Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following attorneys of record on this the 21st day of May, 2007.

David E. Allred
D. Craig Allred
David E. Allred, P.C.
7030 Fain Park Drive, Suite 9
Montgomery, AL 36117

                                                    /s/ Adrian D. Johnson
                                                 OF COUNSEL

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 1
### PERSONAL PROPERTY - EFFECT OF EVIDENCE OF REPAIR EXPENSE

Evidence has been introduced in this case about expense of repair to Georgia Southwestern Railroad, Inc.'s railroad trestle bridge. This evidence may be considered by you in determining the extent of damage suffered by the Plaintiff.

If the railroad trestle bridge could be restored to its former condition at a reasonable expense, such reasonable repair expense would represent the damage which the Plaintiff would be entitled to recover.


GIVEN _____                REFUSED _____


Authority:   APJI Civil 11.24;
             *Tuscaloosa County v. Jim Thomas Forestry Consultants, Inc.*, 613 So.2d 322 (Ala.1992).

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 2

## LOSS OF USE

If you also find that Plaintiff Georgia Southwestern Railroad, Inc., was deprived of the use its property for a time before the plaintiff could repair the property, then Plaintiff Georgia Southwestern Railroad, Inc., is entitled to recover an additional sum sufficient to compensate the Plaintiff for the loss of use of its property, but only for such time as was reasonably required to repair the property.

GIVEN _____        REFUSED _____

Authority:    FED-JI §129.03

# PLAINTIFF'S REQUESTED JURY CHARGE NO. 3

## LOSS OF PROFITS

    Plaintiff Georgia Southwestern Railroad, Inc. claims of Defendant Americus C. Mitchell Jr. damages for loss of profits for the disruption or discontinuance of Plaintiff's business as a proximate result of the alleged wrongs committed by the Defendant.

    To recover for loss of profits, the burden of proof is on the Plaintiff to prove with reasonable certainty the amount of such damages and further prove to your reasonable satisfaction that such damages are proximate results of the alleged wrongs.

    Proof to a reasonable certainty means that the Plaintiff has to produce evidence to provide a basis upon which you can, with reasonable certainty, calculate the amount of the alleged lost profits arising as a proximate result of the Defendant's alleged wrongful conduct during the period of the disruption or discontinuance of the Plaintiff's business.


    GIVEN _____                REFUSED _____


Authority:    APJI Civil 11.38

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 4

## NEGLIGENCE AND ORDINARY CARE

Negligence means the failure to exercise reasonable care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.


GIVEN _____          REFUSED _____


Authority:    APJI Civil 28.01

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 5

## DUTY OWED - NEGLIGENCE AND ORDINARY CARE

The duty owed by the Defendant to the Plaintiff was to exercise reasonable care not to injure or damage the Plaintiff; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

GIVEN _____         REFUSED _____

Authority:    APJI Civil 28.02

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 6

## WANTONNESS - DEFINITION

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

GIVEN _____         REFUSED _____

Authority:     APJI Civil 29.00

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 7

## WILLFULNESS DISTINGUISHED

"Wantonness" is the conscious doing of some act or the omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result.

"Willfulness" is the conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury.

Therefore, in "wanton conduct" and "wanton injury" a purpose or intent or design to injure is not an ingredient; and where a person from his knowledge of existing conditions and circumstances is conscious that his conduct will probably result in injury, yet, with reckless indifference or disregard of the natural or probable consequences, but without having an intent or design to injure, he does the act, or fail to act, he would be guilty of wantonness, but not of willfulness.

But, in "willful conduct" and "willful injury" a purpose or intent or design to injure is an ingredient; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he is guilty of willfulness.

GIVEN _____        REFUSED _____

Authority:    APJI Civil 29.01

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 8

## BURDEN OF PROOF

The Defendant's answer raising contributory negligence is an **a**ffirmative defense. Therefore, the burden is upon the Defendant to reasonably satisfy you from the evidence as to the truth of all of the material allegations of this defense.

GIVEN _____       REFUSED _____

Authority:    APJI Civil 30.01

## PLAINTIFF'S REQUESTED JURY CHARGE NO. 9

## PROXIMATE CAUSE - DEFINITION

      The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred.


GIVEN _____            REFUSED _____


Authority:      APJI Civil 33.00

PLAINTIFF'S REQUESTED JURY CHARGE NO. 10

DUTY TO ADJACENT LANDOWNERS

Plaintiff Georgia Southwestern Railroad, Inc. owes no duty to anticipate that an adjacent landowner will negligently set out fire or will negligently omit to guard against a fire's communication to Georgia Southwestern Railroad, Inc.'s property.

GIVEN _____          REFUSED _____

Authority:   *Conecuh Naval Stores Co. v. Castillow*, 96 So. 142 (Ala. 1923).