IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 2:06cv3-B ) |
| AMERICUS C. MITCHELL, JR., an Individual, | ) ) ) ) |
| Defendant. | ) |

## SUPPLEMENTAL MOTION *IN LIMINE* OF DEFENDANT AMERICUS C. MITCHELL, JR.

NOW COMES AMERICUS C. MITCHELL, JR, the defendant in the above-styled case, and respectfully moves the Court for an order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments in the presence of the jury, whether in voir dire, opening statement, during the presentation of evidence, arguments, questions, or closing argument, concerning the subject areas set forth herein. These subjects are irrelevant to any material issue in the case and, further, any probative value of evidence of said subjects is substantially outweighed by the prejudice to defendant of such evidence. The injection of any such matter into the trial of this case by any party, attorney, or witness would cause irreparable harm to defendant that could not be cured by any instruction from the Court to the jury. Should any of these matters be brought to the attention of the jury, either directly or indirectly, defendant would be compelled to file a

motion for mistrial. Therefore, Defendant Americus C. Mitchell, Jr. respectfully requests that the Court instruct all attorneys in this case, and order all attorneys to, in turn, instruct all witnesses that they may call at trial, not to mention, argue, or make any statements or reference to the following subjects within the hearing and presence of the jury or the jury panel, either directly or indirectly, without first obtaining the Court's express permission and authority outside the hearing and presence of the jury.

## ANY EVIDENCE CONCERNING PLAINTIFF'S CLAIM FOR LOSS OF USE

Evidence regarding plaintiff's damages for loss of use should be precluded for two reasons. First, the only evidence offered by the plaintiff regarding damages for loss of use is based on sheer speculation. Secondly, the plaintiff has failed to disclose the evidence upon which it intends to rely at trial regarding its damages for loss of use. Plaintiff amended its complaint almost one year after this action was originally filed and failed to supplement its responses to defendant's discovery requests regarding damages that it would claim at trial.

### A)   Testimony of Greg Harrell is sheer speculation

The only evidence that plaintiff has presented regarding its damages for loss of use of the White Oak Spur is the deposition testimony of Greg Harrell of RailForce, Inc., who is the plaintiff's exclusive railcar storage broker. There are insufficient facts to render

Harrell's purported testimony at trial anything but mere speculation. Harrell's opinion is based on three speculative assumptions:

1) that every track foot of the subject railroad spur was "fully occupied" during the "entire period of time" that the track was not available. *(Depo of Harrell, p. 14)*

2) damages for loss of use through March 27, 2007, even though it is undisputed the trestle became operable again sometime in the fall of 2006. *(Depo of Harrell, p. 17-18)*

3) that RailRoce, Inc. could have procured enough cars for storage to fill the spur to maximum storage capacity. *(Depo of Harrell, p. 17)*

In his deposition, Harrell testified: 1) that he had no knowledge of the number of cars stored on the *(Depo of Harrell, p. 12)*, 2) that he has no records of car storage activities on the White Oak Spur *(Id.)*, 3) and that he has no records to indicate the availability of cars for storage by the plaintiff during the period that, the plaintiff claims, the trestle was not usable. *(Depo of Harrell, pp. 27-28)*.

It is clear that Harrell's deposition testimony does not reconcile or fulfill the assumptions that his opinion relies upon. While his opinion assumes that every foot of the spur could have been occupied by a stored car, he admits that he has no records to indicate the availability of cars for storage by the plaintiff while the trestle was not in operation. Harrell also conceded that his assertion that he was certain he could have filled the spur with storage cars was overreaching. *(Depo of Harrell, p. 15)*.

Based on Harrell's own deposition testimony, there are insufficient facts to render his purported testimony at trial anything but mere speculation. Thus, Harrell's "opinion"

is merely an assertion that is unsubstantiated by the evidence. Alabama law is clear that speculation is not competent evidence to prove damages:

> "Although mathematical certainty is not required, a jury cannot be left to speculate as to the amount of damages, but " '[t]his does not mean that the plaintiff must prove damages to a mathematical certainty or measure them by a money standard. Rather, *he must produce evidence tending to show the extent of damages as a matter of just and reasonable inference.*' C. Gamble, Alabama Law of Damages § 7-1 (2d ed. 1988)." *Industrial Chemical & Fiberglass Corp. v. Chandler*, 547 So.2d 812, 820 (Ala.1988). (Emphasis added.)"

*IMAC Energy Inc. v. Tittle*, 590 S.2d 163, 168 (Ala.1991).

Regarding damages for loss of profits, the evidentiary standard is the same:

> "... In order that it may be a recoverable element of damages, the loss of profits must be the natural and proximate, or direct, result of the breach complained of and they must also be *capable of ascertainment with reasonable, or sufficient, certainty, or there must be some basis on which a reasonable estimate of the amount of the profit can be made; absolute certainty is not called for or required.*" (Emphasis added.)

*Paris v. Buckner Feed Mill, Inc.*, 279 Ala. 148, 149, 182 So.2d 880, 881 (1966)

In this case, Harrell's opinion fails to provide a sufficient evidentiary basis upon which a jury could make a "just and reasonable inference" regarding damages. Thus, Defendant Mitchell requests that Harrell be precluded from testifying at trial.

B) <u>Plaintiff's Failure To Disclose</u>

Plaintiff has failed to disclose evidence of damages for loss of use by failing to supplement its initial disclosures and responses to defendant's discovery requests. Regarding the discovery process, the United States Supreme Court has reasoned that "the

rules seek to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d. 1077 (1958); *Hickman v. Taylor* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *Federal Rule of Civil Procedure* 26 (e) imposes a duty to supplement responses to initial disclosures and discovery requests:

> **(e) Supplementation of Disclosures and Responses.** A party who has *made a disclosure under subdivision (a)* or *responded to a request for discovery* with a disclosure or response is under a <u>duty to supplement</u> or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
> (1) A party is under a <u>duty to supplement</u> at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is *incomplete* or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.
> (2) A party is under a <u>duty seasonably to amend</u> a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect *incomplete* or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.
>
> *Federal Rules of Civil Procedure*, Rule 26(e)    [Emphasis supplied]

Plaintiff's initial disclosures made no mention of damages for loss of use. Defendant's Requests for Production (attached hereto as "Exhibit A") sought the following:

> "5. A full, complete, and comprehensive itemization of any and all damages claimed by the complaint as a result of any act, error, or omission of this defendant."
> "8. All worksheets or documents depicting or describing how the amount of the plaintiff's loss was computed or calculated."

Plaintiff's responded to both requests for production by producing a copy of an estimate for repair of the subject trestle and made no mention of damages for loss of use. Defendant's interrogatories (attached hereto as "Exhibit B") to plaintiff sought:

> "4. With regard to the damages alleged in the complaint, please list and itemize all such damages and provide this defendant with a full explanation as to how such damage figure was calculated."

Plaintiff's response again referred only to the estimate for repair of the subject trestle and made no mention of damages for loss of use.

Furthermore, the plaintiff failed to disclose facts regarding its loss of use claim in its deposition, despite being questioned on the subject during the deposition of the plaintiff's FRCP 30(b)(6) representative. Plaintiff's answers to questions asked in the deposition were, generally, non-responsive:

> "Q: ...would it be fair to say that storing cars on the line produces less revenue than hauling freight on the line
> A: Not necessarily.
> Q: Okay. What do you get for storing the car for, say, a month?
> A: It varies."
>
> .....
>
> "Q: Okay, well, on average, what would you say you were getting for a car to store it? Just ballpark figure. I'm not looking for an exact number.
> A: It's not that simple."
>
> *Deposition of Terry Small,* pp. 25

Plaintiff amended its complaint to add a count for loss of use on October 27, 2006. Despite filing this amendment and claiming damages for almost $1,000,000 in loss of use, plaintiff has failed to seasonably supplement its discovery responses and initial

disclosures as required by *FRCP 26(e)*. Plaintiff should not be permitted to introduce new evidence at the eleventh hour or for the first time at trial in order to gain a tactical advantage. In keeping with the U.S. Supreme Court's directive that trial should be "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *Procter & Gamble* and *Hickman*, cited *supra*, Defendant Mitchell asks that this Court exclude any evidence at trial regarding the plaintiff's claim for loss of use.

## Conclusion

In addition to the specific grounds cited here, defendant assigns the following grounds for the granting of its Motion *in Limine*:

A.  Any relevance deemed to exist by plaintiffs with regard to the above matters is substantially outweighed by the prejudicial effect of the evidence of said matters. See Fed.R.Evid. 403.

B.  Any offer of proof or reference made by counsel for plaintiffs to any of the foregoing matters, if made in the presence of the jury, will be unduly prejudicial to defendant, and such prejudice can not be overcome by any cautionary or other instructions by the Court to the jury.

C.  Objections by defendant's counsel during the course of the trial to the presentation of evidence or reference to any of the above matters, even if such objections are sustained and accompanied by an instruction to the jury, will not remove such prejudice. Counsel will have no choice but to make such objections in order to avoid

waiver of grounds for appeal.

D.   If a ruling is not made *in limine*, improper or prejudicial remarks or evidence may be presented before the Court has had an opportunity to make a ruling.

E.   Judicial economy will be served by considering the matters before the trial begins so that the time of the jurors is not wasted, numerous side bar conferences are avoided, and all arguments can be presented in a convenient setting.

F.   Any order granting a motion *in limine* may be modified at any time if the Court determines that events during the trial cause the Court to reconsider its ruling.

G.   Granting the motion, in whole or in part, conceivably could have the effect of avoiding a mistrial, which would result in an enormous and unnecessary expense.

Defendant respectfully reserves the right to amend this Motion *in Limine* to make further objections to any other testimony or exhibits which may be offered by plaintiffs at a later time as trial progresses.

WHEREFORE, THE PREMISES CONSIDERED, Defendant Americus C. Mitchell, Jr. respectfully requests that this Court enter an Order *in limine* directing plaintiffs, plaintiffs' counsel, and all witnesses called by plaintiffs not to mention or refer to, either directly or indirectly, any of the foregoing matters in the presence of the jury. Defendant further requests that the Court will instruct plaintiffs and plaintiffs' counsel that, before any mention or reference to any of the matters set forth above is made, counsel must first make an offer of proof to the Court outside the hearing and presence of the jury.

Respectfully submitted,

/s/ D. Craig Allred
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Defendant
AMERICUS C. MITCHELL, JR.

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-mail:   dallred@allredpclaw.com
          callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21st day of May, 2007 filed the foregoing *Supplemental Motion In Limine* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

Adrian D. Johnson, Esq.
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189

/s/ D. Craig Allred
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA SOUTHWESTERN )
RAILROAD, INC., a Corporation, )
                              )
           *Plaintiff,* )
                              )
vs. ) CASE NO. 2:06cv3-B
                              )
AMERICUS C. MITCHELL, JR., )
an Individual, )
                              )
           *Defendant.* )

### DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFF

NOW COMES AMERICUS C. MITCHELL, JR., defendant herein, and requests that the plaintiff produce the following documents and things within the time prescribed by law:

1. All photographs of the railroad trestle bridge and track referred to in the complaint as located at Mile Post 338.9, as well as the white oak block and environs and vicinity of said location within one mile of track in any direction.

2. All maintenance records, inspection records, utilization records, or any and all such documents concerning the railroad trestle bridge and track referred to in the complaint as located at Mile Post 338.9 or the white oak block, as well as the environs and vicinity of said location within one mile in any direction.

3. All statements or recordings, regardless of how recorded (written and/or oral and/or electronic) pertaining to the fire referred to in the complaint, which recordings purport to be of:

"Exhibit A"

 (a) The defendant, Americus C. Mitchell, Jr. or any agent, servant, or employee thereof;

 (b) Any agent, servant of employee of Plaintiff Georgia Southwestern Railroad, Inc.;

 (c) Any witness of the events at the railroad trestle bridge referred to in the complaint, leading up to, at the time of, or after the fire made the basis of this suit; and

 (d) Any person who has personal knowledge of discoverable matters.

4. All documents, repair estimates, contractor estimates, claims for damages, summaries, proformas, or worksheets regarding the cost of repair or damage to the plaintiff's property as alleged in the complaint.

5. A full, complete, and comprehensive itemization of any and all damages claimed by the complaint as a result of any act, error, or omission of this defendant.

6. Copies of all correspondence pertaining to or relating in any way to the fire made the basis of this suit, which correspondence is between or among:

 (a) Americus C. Mitchell, Jr. or any agent, servant, employee, or representative thereof;

 (b) Any agent, servant, employee, or representative of the plaintiff;

 (c) Any agent, servant, employee, or representative of any fire department, governmental agency, or quasi-governmental agency who investigated the fire; and

(d) Any person who has examined or performed evaluations or repair estimates regarding the damages to the plaintiff's track and trestle referred to in the complaint.

7. Please produce copies of any and all checks or payments from the plaintiff to any person or entity regarding repair or remediation to the plaintiff's track and trestle, which expenses plaintiff alleges were caused by any act, error, or omission of this defendant.

8. All worksheets or documents depicting or describing how the amount of the plaintiff's loss was computed or calculated.

9. All records, logs, reports, or any other documents to show that the white oak block or track and/or trestle referred to in the complaint were ever subjected to any repair, maintenance, or inspection:

(a) For the period January 1, 2000 to February 12, 2005; and

(b) For the period February 12, 2005 to the date of the plaintiff's response to this request.

 

DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-mail:   dallred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Defendant's Request for Production to Plaintiff* upon the following counsel of record by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 5th day of April, 2006:

    Adrian D. Johnson, Esq.
    PARNELL & CRUM, P.A.
    Post Office Box 2189
    Montgomery, Alabama 36102-2189

_____
OF COUNSEL

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGIA SOUTHWESTERN RAILROAD, INC., a Corporation, | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| vs. | ) CASE NO. 2:06cv3-B ) |
| AMERICUS C. MITCHELL, JR., an Individual, | ) ) ) ) |
| *Defendant.* | ) ) |

## DEFENDANT'S INTERROGATORIES TO PLAINTIFF

NOW COMES **AMERICUS C. MITCHELL, JR.**, defendant herein, and requests that the plaintiff respond to the following interrogatories:

1. Please identify by full name, current address, current telephone number, employer, and relationship to the plaintiff, the person who answers these discovery requests on behalf of the plaintiff.

2. If the plaintiff intends to call witnesses to testify as experts at the trial of this case, please answer the following:

   (a) Identify each person whom the plaintiff expects to call as an expert witness at trial;

   (b) State the subject matter on which the expert is expected to testify;

   (c) State the substance of the facts and opinions to which the expert is expected to testify; and

"Exhibit B"

    (d)    A summary of the grounds for each opinion.

3. With regard to the fire referred to in the complaint, please state the full name, current address, employer, and full contact information for:

    (a)    Any person who witnessed any of the events referred to in the complaint concerning the fire;

    (b)    Who has personal knowledge of any of the facts or circumstances leading up to the fire or which occurred during or immediately after the fire; and

    (c)    Any person who has knowledge of discoverable matters relating to the fire made the basis of this suit or any of the allegations of wrongdoing against this defendant.

4. With regard to the damages alleged in the complaint, please list and itemize all such damages and provide this defendant with a full explanation as to how such damage figure was calculated.

5. Identify to this defendant the person, employed by, or connected with the plaintiff, who would have more knowledge than anyone else with regard to the following topics:

    (a)    The cause and origin of the fire made the basis of this suit;

    (b)    Any act, error, or omission on the part of Americus C. Mitchell, Jr. which may have caused or contributed to the fire in question;

    (c)    The maintenance, inspection, and utilization of the track referred to in the complaint as located at Mile Post 338.9 or the white oak block, as well as the environs and track adjacent thereto, for the period January 1, 2000 to the date of the plaintiff's responses to this interrogatory;

    (d)    The plaintiff's employee or representative who made the decision to bring claim or suit against this defendant;

    (e)    The plaintiff's employee or representative who first learned of the fire referred to in the complaint; and

    (f)    The plaintiff's employee or representative who had conversations or communications with this defendant; and

    (g)    The calculation of damages and remediation and, specifically, how the figure of $113,166 was computed.

6.     If the plaintiff or anyone acting on behalf of the plaintiff has had conversations with Americus C. Mitchell, Jr., or any agent, servant, employee or representative of this defendant regarding the fire, the plaintiff's claim, or this suit, or any matters relating to the plaintiff's suit or claims against this defendant, please answer the following:

    (a)    Identify the plaintiff's agent, servant, employee or representative;

    (b)    Identify the person on behalf of plaintiff with whom such conversation was had;

 (c) Give the date and location of each conversation;

 (d) Provide full details of what was said by each participant in each conversation;

 (e) State whether there were witnesses to any such conversation and, if so, identify each such witness; and

 (f) Were any recordings made of any conversations in which a Georgia Southwestern Railroad agent, servant, employee, or representative was involved? If so, identify the current custodian of those recordings.

7. Identify the agent, servant, employee, or representative of Georgia Southwestern Railroad who was responsible for and in charge of conducting the investigation of the fire made the basis of this suit on behalf of the plaintiff.

         _____
         DAVID E. ALLRED
         D. CRAIG ALLRED
         Attorneys for Above-Named Defendant

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone: (334) 396-9200
Facsimile: (334) 396-9977
E-mail: dallred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Defendant's Interrogatories to Plaintiff* upon the following counsel of record by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 5th day of April, 2006:

> Adrian D. Johnson, Esq.
> PARNELL & CRUM, P.A.
> Post Office Box 2189
> Montgomery, Alabama 36102-2189

_____
OF COUNSEL