IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEORGIA SOUTHWESTERN            )
RAILROAD, INC.,                 )
                                )
            *Plaintiff,*         )
                                )
vs.                             )   CASE NO. 2:06cv3-TFM
                                )
AMERICUS C. MITCHELL, JR.,      )
                                )
            *Defendant.*         )

## DEFENDANT'S REQUESTED JURY CHARGES

NOW COMES Defendant **AMERICUS C. MITCHELL, JR.** and submits the attached jury

charges.

> /s/ D. Craig Allred
> DAVID E. ALLRED
> D. CRAIG ALLRED
> Attorneys for Defendant
> AMERICUS C. MITCHELL, JR.

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-mail:      dallred@allredpclaw.com
             callred@allredpclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 21ST day of May, 2007 filed the foregoing *Requested Jury Charges* with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Adrian D. Johnson, Esq.
> PARNELL & CRUM, P.A.
> Post Office Box 2189
> Montgomery, Alabama 36102-2189

/s/ D. Craig Allred

OF COUNSEL

## D<small>EFENDANT'S</small> R<small>EQUESTED</small> J<small>URY</small> C<small>HARGE</small> N<small>O.</small> 1

### APJI 33.00 Causation—Definition

The cause of harm is that cause that naturally and probably brings about the harm.

_____ G<small>IVEN</small>          _____ R<small>EFUSED</small>

<u>DEFENDANT'S REQUESTED JURY CHARGE NO. 2</u>

**APJI 30.00 Definition**

Contributory negligence is negligence on the part of the plaintiff that proximately contributed to the alleged *property damage*.

_____ GIVEN        _____ REFUSED

## <u>DEFENDANT'S REQUESTED JURY CHARGE NO. 3</u>

### APJI 30.02 Effect of Contributory Negligence on Simple Negligence

If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover for any initial simple negligence of the defendant.

_____ GIVEN          _____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 4

### APJI 30.05 Assumption of Risk—Elements

The three elements essential to assumption of risk *(or contributory negligence)* in cases of this kind are that the party charged with assumption of risk *(or contributory negligence)* (1) had knowledge of the existence of the dangerous condition and (2) with appreciation of such danger (3) failed to exercise care for his *(her)* own safety by putting himself *(herself)* in the way of such known danger.

_____ GIVEN        _____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 5

**APJI 11.22 Speculative**

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

_____ GIVEN         _____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 6

I charge you that the measure of damage to real property is the difference in the reasonable market value of the bridge immediately before the fire and the reasonable market value immediately after the fire. Evidence has been introduced in this case about expense of repairs to the bridge. This evidence may be considered by you in determining the extent of damage sustained by the plaintiff and as going to the question of market value.

APJI 11.26 Real Property — Measure

Portions of APJI 11.24 Personal Property — Effect of Evidence of Repair Expense

_____ GIVEN              _____ REFUSED

### DEFENDANT'S REQUESTED JURY CHARGE NO. 7

**APJI 11.29 Mitigation**

It is the duty of one *(injured)(damaged)* to exercise ordinary care to reduce *(his)(her)* damages: *(he)(she)* is bound to exercise such care as a reasonably prudent person would exercise under like circumstances to reduce or mitigate the damages. *(He)(She)* can recover only such damages as would have been sustained had such care been exercised.

_____ GIVEN_____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 8

You have heard evidence regarding the cost of repair of the bridge. I charge you that you may award damages for the cost of repair only if that cost does not exceed the former value of the bridge and provided also that the repairs do not enhance the value of the bridge over what it was before it was damaged.

*Poffenbarger v. Merit Energy Co.*, 2007 WL 1378333, 9 (Ala),
citing 22 Am.Jur.2d *Damages* § 265 (2003)

_____ GIVEN_____ REFUSED

### DEFENDANT'S REQUESTED JURY CHARGE No. 9

I charge you that the cost of repairs is not the measure of damages, but is only evidence of the amount of damages. Thus, there is no requirement that you award the full cost of repair and if you find from the evidence that the plaintiff is entitled to less than the full cost of repair, your verdict should reflect such a finding.

*Poffenbarger v. Merit Energy Co.*, 2007 WL 1378333, 4 (Ala), citing
*Brinkmeyer v. Bethea*, 139 Ala. 376, 35 So. 996 (1904), in turn citing
3 Theodore Sedgwick, *A Treatise on the Measure of Damages* § 932 (8th Ed. 1891).

_____ GIVEN_____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 10

"The general principle upon which compensation for injuries to real property is given, is that the plaintiff should be reimbursed to the extent of the injury to the property."

*Poffenbarger v. Merit Energy Co.*, 2007 WL 1378333, 4 (Ala), citing
*Brinkmeyer v. Bethea*, 139 Ala. 376, 35 So. 996 (1904)

_____ GIVEN                    _____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 11

As the injury to the bridge was temporary, I charge you that "the recovery is limited to the amount necessary to put the [bridge] in as good a condition as it was before the [fire], and, in addition, compensation for any loss of use [while the bridge could not be used].

*Poffenbarger v. Merit Energy Co.*, 2007 WL 1378333, 5 (Ala), citing
Seymour D. Thompson, *Commentaries on the Law of Negligence* § 7229 (1905)

_____ GIVEN_____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 12

Should you find from the evidence that the cost to repair the bridge is more than the amount in which its value was diminished by the fire, then the diminished value should determine the amount of recovery.

*Poffenbarger v. Merit Energy Co.,* 2007 WL 1378333, 5 (Ala), citing
4 J.G. Sutherland, *A Treatise on the Law of Damages* § 1017-18 (3d ed.1904)

_____ GIVEN_____ REFUSED

## DEFENDANT'S REQUESTED JURY CHARGE NO. 13

Should you find from the evidence that the defendant is liable "the [plaintiff] is entitled to recover the amount necessary to repair the [bridge] or to put the [bridge] in the condition it was at the time immediately preceding the [fire], with legal interest thereon to the time of the trial."

*Poffenbarger v. Merit Energy Co.*, 2007 WL 1378333, 5 (Ala), citing
*Fuller v. Fair*, 202 Ala. 430, 80 So. 814 (Ala.1919)

_____ GIVEN_____ REFUSED